EDWIN A. LOMBARD, Judge.
hThe State appeals the judgment granting the defendant’s motion to quash. After review of the record in light of the applicable law and arguments of the parties, the judgment of the district court is reversed.

Relevant Facts and Procedural History

Joseph Lee, the defendant, was charged by bill of information with aggravated battery on August 14, 2009. He was arraigned on August 19, 2009, and at a motion hearing on October 15, 2009, the district court found probable cause, denied the defendant’s motion to suppress, and set the matter for trial November 11, 2009. The trial date was continued four times and on March 1, 2010, the State entered a nolle prosequi as to the aggravated battery charge. The prosecution was reinstituted on July 2, 2010, and the defendant was charged with attempted second degree murder. Arraignment was set for July 22, 2010, but the defendant failed to appear. A warrant for the defendant’s arrest was issued and the arraignment was rescheduled for August 5, 2010. When the defendant did not appear on August 5, 2010, his arraignment was continued without date.
On January 24, 2011, the defendant appeared in court and a discovery hearing was scheduled for March 3, 2011. Accord *1293 ing to the record, the defendant 12filed the motion to quash at issue in this appeal on April 4, 2011, and appeared in the court the next day. On April 18, 2011, the trial court granted the defendant’s motion to quash.

Discussion

The State appeals the judgment, arguing that the district court abused its discretion in quashing the new bill of information because the defendant neither alleged nor demonstrated a violation of his right to a speedy trial. In response, the defendant asserts that the State’s pattern and practice of obtaining de facto continuances through the device of dismissing prosecutions and subsequently reinstituting them is a violation of his constitutional right to due process. The defendant argues that the inequity of granting the powers of nolle prosequi and reinstitution to the State, but not to the defendant, is “patently unfair” and a violation of the Fourteenth Amendment and the Articles I and II of the Louisiana State Constitution. This argument is without merit.
A district court’s resolution of a motion to quash in cases such as this one, where the district attorney entered a nolle prosequi and later reinstituted charges, is considered on a case-by-case basis. State v. Batiste, 2005-1571, p. 5 (La.10/17/06), 939 So.2d 1245, 1249 (citation omitted). The State’s ability to manipulate the district court docket and the district judge’s ability to conduct proceedings in an orderly and expeditious manner is clearly open to abuse. However, the Louisiana Supreme Court has directed that in cases (such as this one) where the prosecution was reinstituted within the statutory periods of limitation, in order to merit relief the defendant must “make a showing of specific prejudice to his defense.... ” State v. King, 2010-2638, pp. 7-8 (La.5/6/11), 60 So.3d 615, 619-20 (citing Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).
|3In this case, the defendant was charged with aggravated battery in August 2009, subsequently charged with attempted second degree murder in July 2010, and arraigned on that charged in January 2011. Thus, the time limitation for bringing the matter to trial was not breached and the defendant does not allege in his motion to quash that specific barriers have been placed before him by the prosecution which prevent him from obtaining a fair trial. Rather than address the amount of time elapsed and the specific prejudice he has suffered as a result of the State’s actions, the defendant makes inflammatory references to the usurpation of the rights of the judiciary by the State prosecutors. Even accepting arguendo the validity of these remarks, the defendant’s constitutional due process rights are not implicated. The defendant’s motion to quash did not assert violation of defendant’s Sixth Amendment speedy trial rights, and in any event, claimed no prejudice to his defense of the case arising out of the delay occasioned by the State’s dismissal and immediate reinstitution of the prosecution to force a second continuance of trial. Accordingly, under the circumstances of this case, the district court erred in granting the motion and dismissing the prosecution with prejudice.

Conclusion

The judgment of the district court is reversed and the case is remanded to district court for further proceedings.
REVERSED AND REMANDED.