ROSEMARY LEDET, Judge.
| TThis is a criminal case. The State is the appellant. The sole issue presented is whether the district court erred in granting the motion to quash the bill of information filed by the defendant, Natasha Brown, after the State entered a nolle prosequi on the day of trial and eight months later reinstituted the charge. Answering that question in the affirmative, we reverse and remand.

STATEMENT OF THE CASE

On October 28, 2009, the State charged Ms. Brown with a felony, aggravated battery (a violation of La. R.S. 14:34), and a misdemeanor, simple battery (a violation of R.S. 14:35). The underlying alleged offenses occurred on August 26, 2009; Ms. Brown was arrested the following day and released on bond. After twice failing to appear for arraignment, Ms. Brown pled not guilty to both charges on January 12, 2010. On February 4, 2010, Ms. Brown appeared for a preliminary hearing. The district court found probable cause only for the offense of simple battery.
|2On March 11, 2010, Ms. Brown appeared for trial. Although the docket master indicates that the trial was “continued on defense motion,” Ms. Brown disputes the accuracy of this notation. As noted elsewhere, the court acknowledged at the hearing on the motion to quash that the docket master was inaccurate and that this was a court continuance. On April 23, 2010, Ms. Brown again appeared for trial. The district court denied the State’s mo *664 tion to continue. In response, the State entered a nolle prosequi.
Eight months later, on December 22, 2010, the State reinstituted the charges. The case was initially allotted to Section K and then transferred to Section D in compliance with the local rules of court. On February 7, 2011, a status hearing was held, and a trial date was set for April 15, 2011. Meanwhile, Ms. Brown filed a motion to quash. On April 6, 2011, following a hearing, the district court sustained the motion and dismissed the prosecution with prejudice. This appeal by the State followed.

STATEMENT OF THE FACTS

The facts are unknown and irrelevant to the review of the assignment of error raised by the State.[1]

ERRORS PATENT

A review of the record for errors patent reveals none.

hPISCUSSION

The sole assignment of error the State raises on appeal is whether the district court abused its discretion in granting Ms. Brown’s motion to quash the bill of information relating to the felony offense, aggravated battery, based on the State’s earlier dismissal of the original charge and its reinstitution of this charge eight months later.[2]
A motion to quash is the proper procedural mechanism to challenge the State’s nolle prosequi and reinstitution of charges. State v. Hayes, 10-1538, p. 4 (La.App. 4 Cir. 9/1/11), 75 So.3d 8, 12, writ denied, 11-2144 (La.3/2/12), 83 So.3d 1043. It is also the proper procedural mechanism to raise a speedy trial violation. State v. Reaves, 376 So.2d 136, 137-38 (La.1979). The motion to quash Ms. Brown filed in this case raised both grounds; particularly, she asserted the following grounds:[3]
• The State’s practice of entering a nolle prosequi and then reinstituting prosecution in order to grant itself a continuance violated her right to due process, see Wardius v. Oregon, 412 U.S. 470 [93 S.Ct. 2208, 37 L.Ed.2d 82] (1973); and the separation of powers doctrine, see La.C.Cr.P. art. 17.[4]
• Even if there was no abuse of authority, the State violated Ms. Brown’s constitutional right to a speedy trial by failing to bring her to trial within twenty months of arrest.
Granting Ms. Brown’s motion, the district court provided the following oral reasons for judgment:
14Well, if you look at [Article] 576 of the Code, and it talks about the State not being able to do this. And I’ve always had a problem with the idea that the *665 State can give itself a continuance, but the Defense can’t. It puts the Defense on an unequal footing. I did it Leban,[5] and I think the law had nuance on this.
The district court characterized the State’s eight month delay in reinstituting the prosecution as a “lengthy delay.” The district court noted that “this is a practice [by the District Attorney’s Office] that is happening routinely now.”
The governing standard of review of a district court’s ruling on a motion to quash is the abuse of discretion standard. State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206-07. “A district court’s resolution of a motion to quash in cases such as this one, where the district attorney entered a nolle prosequi and later reinstituted charges, is considered on a case-by-case basis.” State v. Lee, 11-0892, p. 1 (La.App. 4 Cir. 1/18/12), 80 So.3d 1292, 1293 (citing State v. Batiste, 05-1571, p. 5 (La.10/17/06), 939 So.2d 1245, 1249).
Both the Louisiana Supreme Court and this court have recognized that the State has the authority to enter a nolle 'prosequi and to reinstitute the charge. The State is authorized to reinstitute charges “within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.” La.C.Cr.P. art. 576. The Legislature’s reference to “this Chapter” is to “Chapter 1, Limitations Upon Institution of Prosecution,” which includes La.C.Cr.P. arts. 571 to 577. Because Ms. Brown was charged with aggravated battery and thus exposed to a sentence to be imposed with or without hard labor, the pertinent article is La.C.Cr.P. art. 572 A(2), which provides for prosecution to be instituted within four years after the offense is committed. The State thus had until August 26, 2013, to institute prosecution. Given the State reinstituted the charges against Ms. Brown |5on December 22, 2010, it did so well within the four year statutory period to institute prosecution.
The State also is required to show that the dismissal of the original prosecution was not for the purpose of avoiding the time limitations set by Article 578. Given that the charge at issue in this case is a non-capital felony (aggravated battery), Article 578 required the State to bring Ms. Brown to trial within two years from the date of the bill of information. La.C.Cr. P. art. 578. The original bill of information was filed on October 28, 2009, and the State dismissed the charges (nolle prose-qui) on April 23, 2010, only six months later. The State did not dismiss the first case in order to avoid the time limitations of Article 578. Thus, the State timely reinstituted prosecution of the felony offense of aggravated battery. As to this offense, none of the statutory time limitations have been surpassed.
The jurisprudence has recognized that the State’s dismissal-reinstitution authority may be overborne under the circumstances of any given case by proof either that the defendant’s right to a fair trial was violated or that the defendant’s constitutional right to a speedy trial was violated. State v. King, 10-2638 (La.5/6/11), 60 So.3d 615. A defendant challenging the State’s dismissal and reinstitution of charges has the burden of showing a violation of his or her right to a fair trial or constitutional right to speedy trial. King, 10-2638 at pp. 7-8, 60 So.3d at 619; State v. Scott, 04-1142, pp. 11-12 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, 850-51.
In this case, the gist of the State’s argument on appeal is that none of the reasons cited by the district court supports it *666 granting the motion to quash. The State further argues that Ms. Brown failed to establish a speedy trial violation.
|flThe district court’s first reason for granting the motion to quash was its dislike of the State’s exercise of its dismissal-reinstitution authority to grant itself a continuance: “the idea the State can give itself a continuance, but the Defense can’t.” The Louisiana Supreme Court in King, supra, rejected similar reasoning given by the district court as its basis for granting a motion to quash.
In King, the defendant was charged with issuing worthless checks. The State nolle prosequied the original case when the court refused to grant the State a continuance that it requested because it was having trouble procuring financial records from a bank. When the State reinsti-tuted the charges, the defendant moved to quash the charges, raising the same violation of the separation of powers argument Ms. Brown raised in this case. The district court granted the motion, and, on the State’s appeal, the First Circuit affirmed, with one judge dissenting. State v. King, 10-0074 (La.App. 1 Cir. 10/29/10), 48 So.3d 1288. The State sought writs, and the Louisiana Supreme Court reversed, agreeing with the dissenting judge.
The Supreme Court in King noted the “frequent collisions between a trial judge’s authority to conduct proceedings ‘in an orderly and expeditious manner,’ La. C.Cr.P. art. 17, including the authority to adopt rules ‘governing the procedure for setting cases for trial and giving notice thereof,’ La.C.Cr.P. art. 702, and a district attorney’s plenary ‘charge and control’ over every criminal prosecution instituted or pending in his district, including the determination of ‘whom, when, and how he shall prosecute,’ La.C.Cr.P. art. 61.” King, 10-2638 at p. 5, 60 So.3d at 618. The Court further noted that when the State dismisses a case in which the district court has denied its motion for continuance and then reinstitutes the charges, the State “can be said to have ‘flaunted’ the state’s unique power and |7authority that the defense does not also possess.” King, 10-2638 at p. 6, 60 So.3d at 618. Nonetheless, the Court reasoned:
[Bjecause of the severe consequences of dismissing a pending prosecution that is neither time-barred as a matter of La. C.Cr.P. art. 578, nor precluded by the Speedy Trial Clause of the Sixth Amendment, we made clear in Love that the state must exercise that authority in such a way that it does not simply disrupt the trial court’s conduct of the proceedings or challenge the court’s authority to manage its docket, but also significantly disadvantages the defense at any forthcoming trial.
King, 10-2638 at p. 6, 60 So.3d at 619. The Court found that the record did not show that the State’s failure to obtain the records in time for trial was due to its lack of preparation. The Court further noted:
[Ajlthough the trial court took a dim view of the state’s efforts in preparing its case for trial, the court did not challenge the credibility of the state’s explanation that its problems stemmed from difficulties with Capitol One Bank. The court discounted the prosecutor’s explanation on grounds that, but for the state’s lack of diligence in preparing the case for its first trial setting, it would not have had the problems with the bank at the second trial setting in May 2009. However, as Judge Kuhn emphasized in his dissent, the record fails to suggest that the state simply sought a tactical advantage over the defense, or that it was whipsawing defense witnesses by forcing them to make repeated but futile trips to the courthouse, see State v. Reaves, 376 So.2d 136, 138 *667 (La.1979), as opposed to struggling to put its case together by identifying and summoning the appropriate witnesses.
King, 10-2638 at pp. 6-7, 60 So.3d at 619. The Court thus held that it was error for the district court to grant a motion to quash given that the defendant failed to assert a violation of his Sixth Amendment right to a speedy trial and “in any event claimed no prejudice to his defense of the case arising out of the delay occasioned by the State’s dismissal and immediate reinst-itution of prosecution to force a second continuance of trial.” King, 10-2638 at p. 8, 60 So.3d at 620.
As we noted in Hayes, supra, the Supreme Court now requires that a defendant “show that the district attorney’s abusive exercise of its power actually [¿violates the defendant’s constitutional right to a fair trial.” Hayes, 10-1538 at p. 9, 75 So.3d at 14. Continuing, we noted that this burden parallels “the burden in a claim of a violation of a constitutional right to a speedy trial” in that it “requires the defendant ‘to make a showing of specific prejudice to his defense.’ ” Id. (quoting King, 10-2638 at p. 8, 60 So.3d at 620). In this case, Ms. Brown has neither alleged nor proven specific prejudice to her defense.
Another reason the district court cited for granting Ms. Brown’s motion to quash was its opinion that the eight month delay in reinstituting prosecution was too long. The State contends that the district court’s reliance on its opinion that the delay was too long was misplaced. In support, the State emphasizes that none of the statutory time limits set by the state legislature for instituting prosecution or commencing trial have been surpassed in this case as a result of it dismissing the charges on April 23, 2010, and reinstituting the charges on December 22, 2010.[6]
In King, the Louisiana Supreme Court, in reversing the trial court’s grant of the motion to quash, also relied on the fact that the applicable statutory time limits had not been surpassed. In so doing, the Court cited United States v. Marion, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), for the proposition that “statutory periods of limitation on the prosecution of cases offer the primary means of enforcing the Sixth Amendment right to a speedy trial because they ‘provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant’s right to a fair trial would be prejudiced.’ ” King, 10-2638 at p. 7, 60 So.3d at 620. The Court noted:
Short of that statutory tolling, our decision in Love requires the defendant to make a showing of specific prejudice to his defense |9because even under the Sixth Amendment, which offers a defendant the ultimate bulwark against the state’s manipulation of its plenary charging powers, and “unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not per se prejudice the accused’s ability to defend himself.” Barker v. Wingo, 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972).
King, 10-2638 at pp. 7-8, 60 So.3d at 619-20. In this case, Ms. Brown has not alleged or established specific prejudice to her defense; and the statutory limits have not been surpassed.
*668 Independent of the statutory time limits, a defendant has a constitutional right to a speedy trial. In determining whether a defendant’s constitutional right to a speedy trial has been violated, Louisiana courts utilize the following four-part analysis set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972):(1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant. None of these factors is “ ‘either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial.’ ” Love, 00-3347 at p. 15, 847 So.2d at 1210 (quoting Barker, 407 U.S. at 533, 92 S.Ct. 2182). Rather, these are “ ‘related factors and must be considered together ... in a difficult and sensitive balancing process.’ ” Id.
The first Barker factor, the length of the delay, is a threshold requirement for invoking a speedy trial analysis; it functions as a triggering mechanism for further inquiry into the other three Barker factors. Love, 00-3347, p. 16, 847 So.2d at 1210. Only if there is a “presumptively prejudicial” delay will courts proceed to analyze the other Barker factors. Id.
In this case, Ms. Brown contends that the delay should be calculated from the date of her arrest, August 26, 2009, to the date of the granting of her motion to quash, April 6, 2011. She thus contends the delay was one year and eight months | m(twenty months). The State counters that the eight-month period between its dismissal and reinstitution of the charges should be excluded from the calculation and that the delay was only twelve months. In support, the State cites United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), for the proposition that “the Sixth Amendment [right to speedy trial] does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused.” MacDonald, 456 U.S. at 6, 102 S.Ct. 1497.[7]
The State cites no Louisiana jurisprudence in support of its position that the eight month period should be excluded, and our research reveals none. Rather, the Louisiana jurisprudence, as Ms. Brown points out, has included the period between dismissal and reinstitution in the calculation of the delay, albeit without discussion of the issue. See Batiste, supra; State v. Leban, 611 So.2d 165 (La.App. 4th Cir.1992). Given the circumstances of this case, we find it unnecessary to resolve the issue, although raised here. The result would be the same whether the delay was twelve or twenty months. Finding either delay presumptively prejudicial, we examine the other three Barker factors.
The second Barker factor relates to the reason for the delay. In this regard, we note that the procedural history of this case was as follows:
• August 27, 2009: Ms. Brown was arrested for the offense, which allegedly *669 occurred the prior day; and she was released on bond.
• October 28, 2009: The State filed a bill of information initiating prosecution.
| u* January 12, 2010: After twice failing to appear for arraignment, Ms. Brown was arraigned and pleaded not guilty.
• March 10, 2010: Ms. Brown appeared for trial. Although the docket master indicates that the trial was “continued on defense motion,” Ms. Brown disputes the accuracy of this notation. Moreover, at the hearing on the motion to quash, the district court acknowledged that this was a court continuance. The court noted it remembered, as defense counsel pointed out, that “the Court had a funeral to go to that day.”
• April 28, 2010: Ms. Brown again appeared for trial. According to the motion to quash, “[t]he State claimed that they were waiting on a witness and could not proceed to trial without this alleged witness. The Court allowed the State to pass the matter until it was the last matter on the docket. At the end of the docket, the State requested a continuance. The Judge denied the state’s continuance and, based on the denial of the continuance, the state entered a nolle prosequi.” The transcript of the motion to quash hearing further indicates that the State’s witness was the victim, who had been subpoenaed and not shown up for court. The State further pointed out that they waited until the end of the day, but no capias was issued. The State still further pointed out that the witness was served and that it asked for some time to track down the witness, but the district court denied its request for a continuance.
• December 22, 2010: The State reinsti-tuted prosecution after an eight month delay.
• February 7, 2011: A status hearing was held at which a trial date was set for April 15, 2011.
• April 6, 2011: Ms. Brown’s motion to quash was filed and granted by the district court.
As the above chronology of events establishes, Ms. Brown was responsible for an initial portion of the delay as a result of her failure to appear twice for arraignment. The court was responsible for the initial trial continuance, which was on the court’s own motion. (The docket master inaccurately reflects that this was a defense continuance.) The State was responsible for the second continuance, which it in effect granted itself by entering a nolle prosequi when the district court denied its request for a continuance. The State also was responsible for the eight 112month delay caused by its nolle prosequi. Otherwise, the delays in this case were the result of the routine judicial processing of the ease.
The third Barker factor relates to the defendant’s assertion of the right to speedy trial. The record reflects that Ms. Brown never objected to any of the continuances and never asserted her right to speedy trial, either in writing or otherwise, before she filed the motion to quash. In her motion to quash, Ms. Brown states that the reason for her not making a prior motion for speedy trial was “because at each postponement, trial was set for a fairly near date.”
The fourth, and final, Barker factor is the prejudice to the defendant caused by the delay. Ms. Brown in her motion to quash alleges that she was prejudiced in the following three ways:
1. “Any contact with witnesses in this case has been lost since the state *670 dismissed these charges eight months ago.”
2. Ms. Brown has been “deprived of the benefit of continuity of counsel;” she has been passed between at least four different attorneys.
3. Ms. Brown is “a student and the reinstitution of this case has created problems in her applying for internships,” has prevented her from working as a coach, and has deprived her of “peace of mind.”
We find, as the State contends, that none of the allegations Ms. Brown makes were sufficient to establish actual prejudice. Rather than alleging specific prejudice to her defense, Ms. Brown makes a generalized allegation regarding losing contact with unidentified witnesses. Insofar as continuity of counsel, as the State points out, there is no jurisprudence supporting “the notion that the right to a speedy trial includes within it the right to ‘continuity of counsel.’ ” As to her claim that the pending felony charges have certain collateral effects, this alone is insufficient to constitute actual prejudice. Moreover, Ms. Brown was not incarcerated during the delay.
| ialn balancing the Barker factors in this case, we find the following summary of the jurisprudence by a commentator instructive:
Length of the delay may well be the least important factor as a general rule since the statute sets an implied outer limit and even a delay of seven years has been tolerated under certain circumstances. With respect to reasons for the delay, obviously if the defense provokes or acquiesces in the delays, he is less likely to prevail on a denial of speedy trial claim. Likewise, if the state’s requests for delays are for “good cause” or if the delays are not attributable to the state, e.g., caused by a crowded court docket, a speedy trial claim is less likely to prevail (although the reasoning for that position is questionable). A defendant should assert the right promptly in order to prevail, not waiting until the bulk of the delay has already passed. With respect to showing prejudice, a defendant who is released on bond during the delay has less claim for prejudice than one who is incarcerated during that period. A generalized complaint that the delay prevented the marshalling of a defense is insufficient. Nor is the anxiety and psychological pressure inherent in any prosecution or the hardship caused by incarceration per se enough to constitute prejudice. The court really envisions an actual hindrance to the defense caused by the delay such as a witness dying or otherwise becoming unavailable. Delay alone, even when unjustified by the state, cannot apparently constitute a denial of the defendant’s right to a speedy trial unless he can show actual prejudice.
15 Gail Dalton Schlosser, La. PraaCrim. Trial Prac. § 14:24 (4th ed.2011).
In this case, the delay was at most twenty months. Although the State failed to articulate a reason for delaying eight months to reinstitute the charges, the State’s request to continue the March 2Srd trial date was for good cause — the lack of a necessary witness (the victim). Ms. Brown failed to file a speedy trial motion. Ms. Brown’s claim regarding prejudice to her defense was a generalized one. Likewise, the general collateral effects she suffered as a result of the pending felony charges alone were insufficient to constitute prejudice. Balancing the Barker factors, we find no violation of Ms. Brown’s constitutional right to a speedy trial.
114Given that Ms. Brown has neither established a speedy trial violation nor shown specific prejudice to her right to a *671 fair trial, the district court abused its discretion in granting the motion to quash.

DECREE

For the forgoing reasons, the judgment of the district court is reversed; and the matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED

. The record does include a copy of the screening action form, which states that the aggravated battery was with a tire iron.

. The State does not appeal the district court’s granting of the motion to quash as to the misdemeanor offense, simple battery.

. Another ground she asserted was that the State violated La.C.Cr.P. art. 578 by failing to bring her to trial within one year from the institution of the prosecution on the misdemeanor offense. As noted, the State does not challenge the district court's granting of the motion to quash the misdemeanor offense on appeal.

.Both the Louisiana Supreme Court and this court have rejected the separation of powers and due process claims Ms. Brown asserts. See State v. King, 10-2638 (La.5/6/11), 60 So.3d 615; State v. Batiste, 05-1571 (La.10/17/06), 939 So.2d 1245; State v. Lee, 11-0892 (La.App. 4 Cir. 1/18/12), 80 So.3d 1292; State v. Hayes, 10-1538 (La.App. 4 Cir. 9/1/11), 75 So.3d 8, writ denied, 11-2144 (La.3/2/12), 83 So.3d 1043.

. State v. Leban, 611 So.2d 165 (La.App. 4th Cir. 1992).

. As noted elsewhere, pursuant to La.C.Cr.P. art. 572 A(2), the State had four years to institute prosecution on the aggravated battery charge — until August 26, 2013. Pursuant to La.C.Cr.P. art. 578, the State had two years from the date of the initial institution of prosecution to bring the case to trial — until October 28, 2011.

. The MacDonald case was a divided decision in which the majority held that the time between dismissal of military charges and a subsequent indictment on civilian criminal charges could not be considered in determining whether the delay in bringing the defendant to trial violated his constitutional right to speedy trial. The majority reasoned that “[Hollowing dismissal of charges, any restraint on liberty, disruption of employment, strain on financial resources, and exposure to public obloquy, stress and anxiety is no greater than it is upon anyone openly subject to a criminal investigation.” MacDonald, 456 U.S. at 9, 102 S.Ct. 1497. The dissenting justices in MacDonald stated that "[suspending application of the speedy trial right in the period between successive prosecutions ignores the real impact of the initial charge on a criminal defendant and serves absolutely no governmental interest.” MacDonald, 456 U.S. at 24, 102 S.Ct. 1497.