JAMES F. McKAY III, Chief Judge.
liThe State appeals the trial court’s judgment granting Corey Quinn’s motion to quash the bill of information. Based on the record before us, we find that the trial court abused its discretion and reverse its judgment.
STATEMENT OF CASE
Essentially, this appeal addresses the State’s ability to dismiss and reinstitute charges in the context of a defendant’s right to a speedy trial. In September of 2009. the defendant was arrested for the attempted murder of Damian Jackson. On November 17, 2010, in case number 492-310 “C”, the defendant, Corey Quinn, was formally charged with attempted second degree murder of Damian Jackson, in violation of La. R.S. 14:(27)30.1. On November 19, 2009, he was arraigned and pled not guilty. On January, 22, 2010, a motion hearing was continued by joint motion and the matter was re-set to March 2, 2010. At the March 2, 2010 hearing trial was set for May 4, 2010. On April 29, 2010, the defendant filed a motion to continue trial; trial was continued to July 13, 2010, and again to August 24, 2010. By joint motion, trial was again continued to November 9, 2010. On that date the State filed a motion to continue, which was granted and trial was re-set for December 9, 2010. On that date, prior to the beginning of trial, the trial court ^denied the State’s request for a continuance based upon the unavailability of a witness, the victim, Damian Jackson; the State entered a nolle prose-qui.
On December 10, 2010, the State reinsti-tuted prosecution under case number 502-583 “C”. Trial was re-set for March 23, 2011. Upon joint motion, the trial was again re-set until May 19, 2011. On May 19, 2011, trial was continued upon defendant’s motion. On July, 18, 2011, the State entered its second nolle prosequi, based upon the unavailability of a witness/ victim and reinstituted charges under case number 507-507 “C”. On August 24, 2011, the defendant filed a motion to quash the bill of information, which is the basis for this appeal. On September 2, 2011, the trial court granted the defendant’s motion to quash.[1]
*269 STATEMENT OF FACT
This is a pre-trial appeal, and the record contains no evidence of the underlying alleged crime. All relevant facts are stated in the statement of the case above and the discussion below.
DISCUSSION
In its sole assignment of error, the State asserts the trial court abused its discretion when it granted the defendant’s motion to quash the bill of information on September 2, 2011, relying upon a violation of the defendant’s constitutional right to a speedy trial under the due process clause of the U.S. Const. Amend. XIV and La. Const, art. 1 § 16.
We generally review a trial court’s ruling on a motion to quash under an abuse of discretion standard. See State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206; State v. Batiste, 2005-1571, p. 9 (La.10/17/06), 939 So.2d 1245, 1251.
La.C.Cr.P. art. 691 grants Louisiana district attorneys the authority and discretion to dismiss criminal charges. Dismissal does not bar subsequent prosecution, except when 1) the defendant does not consent to the dismissal and the first witness has been sworn in at a trial on the merits, and 2) a city court conviction has been appealed to the district court for de novo review. La.C.Cr.P. art. 693. Also, La. C.Cr.P. art. 576 prohibits dismissal and reinstitution of charges in order to circumvent that time limitations upon prosecution found in La.C.Cr.P. art. 578. Batiste, 2005-1571, p. 5, 939 So.2d at 1249.
Louisiana jurisprudence has recognized that the State’s authority to dismiss and reinstitute charges may be overborne under the circumstances of any given case by a defendant’s constitutional right to a speedy trial. State v. Bias, 2006-1153, p. 3 (La.App. 4 Cir. 12/20/06), 947 So.2d 797, 799; See also State v. Larce, 2001-1992 (La.App. 4 Cir. 1/23/02), 807 So.2d 1080 (Recognizing the State’s right to nolle pro-sequi and reinstitute charges after being denied a continuance, where there was no shown attempt to circumvent statutory time limits and no speedy trial violation).
The sole basis of the motion to quash was the constitutional right to a speedy trial. The standard for analyzing a defendant’s claim that his constitutional right to a speedy trial has been violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972), which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The circumstances of each individual case will | determine the weight to be ascribed to the length of and the reason for the delay. Id. (citing State v. Reaves, 376 So.2d 136, 138 (La.1979)) (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192). “[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a -serious, complex conspiracy charge.” Reaves, supra at 138. In Barker, the court noted that the length of delay is a triggering mechanism, and the other three factors need not be addressed unless the court finds the length of delay to be presumptively oppressive given the circumstance of the case. State v. DeRouen, 96-0725, p. 3 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, 40. In cases where the district attorney dismisses and reinstitutes charges, the Louisiana Supreme Court has repeatedly stated:
In those cases where it is evident that the district attorney is flaunting his authority for reasons that show that he *270 wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.
Batiste, 2005-1571, p. 5, 939 So.2d at 1249 (quoting Love, 2000-3347, p. 14, 847 So.2d at 1209). In cases where charges are reinstituted within the statutory periods of limitation, in order to merit relief the defendant must make a showing of specific prejudice to his defense. State v. Lee, 2011-0892, p. 2 (La.App. 4 Cir. 1/18/12), 80 So.3d 1292, 1293 (citing State v. King, 2010-2638 pp. 7-8 (La.5/6/11), 60 So.3d 615, 619-620).
Under Barker, the peculiar circumstances of each case determine the weight to be ascribed to the length of delay and the reason for delay. Love, 2000-3347, p. 16, 847 So.2d at 1210. These circumstances include the complexity of the case, the manner of proof, and the gravity of the alleged crime. Id. In this case, there is no question about statutory time limitations limiting further prosecution. The first | shill of information charging the defendant with attempted second degree murder was filed on November 17, 2009. The motion to quash was granted September 2, 2011, just under two years later. In State v. Payton, 2006-1202 (La.App. 4 Cir. 2/28/07), 954 So.2d 193, this Court found a seventeen month lapse between the filing of a bill of information charging possession of cocaine, a violation of La. R.S. 40:967, and the filing and granting of a motion to quash was not prejudicial. In Lee, this Court did not perform a complete Barker v. Wingo analysis, focusing instead on Lee’s failure to show specific prejudice. Lee, 2011-0892, pp. 2-3, 80 So.3d at 1293 (citing King, 2010-2638, 60 So.3d 615). Lee was originally charged with aggravated battery but the State dismissed that charge and recharged him with second degree murder. In Love, the Court found a twenty-two month delay in a possession with intent to distribute cocaine to be presumptively prejudicial. Love, 2000-3347, pp. 17-18, 847 So.2d at 1211. The Louisiana Supreme Court recently found a fifteen and a half month delay in prosecution of possession with intent to distribute marijuana was not presumptively prejudicial. State v. Mathews, 2013-0525 (La.11/15/13), 129 So.3d 1217.
Whether the length of the delay in this case invoked presumptive prejudice or not, analysis of the remaining factors shows that the record contains no evidence of said prejudice.
First, the reason for the delay was the absence of a key witness, who in the instant matter is also the victim. In Batiste, the Court determined that entering a nolle prossequi “because the victim was not present for trial and was wavering in her commitment to going forward with the case” was a legitimate reason and did not indicate the district attorney was flaunting his authority at the expense of the defendant. Batiste, 2005-1571, p. 6, 939 So.2d at 1249. Under these | ^circumstances, the Court found no violation of the right to a speedy trial. Id., 2005-1571, p. 8, 939 So.2d at 1251. The State had a legitimate reason for delay in this case.
Moreover, the record is void of any indication that the defendant moved for a speedy trial prior to filing his motion to quash. This failure inures against a finding that the defendant’s right to a speedy trial was violated. See Love, 2000-3347, p. 19, 847 So.2d at 1211-12 (trial court should weigh the frequency and force of the objections as opposed to attach significant weight to a purely pro forma objection).
Finally, and most importantly, the defendant showed no prejudice to his de *271 fense. As discussed above, in Lee, this Court forwent a complete Barker analysis because Lee failed to show specific prejudice. Lee, 2011-0892, pp. 2-8, 80 So.3d at 1293 (citing King, 2010-2638, 60 So.3d 615).
The first factor in Barker has been satisfied in this matter, and no further analysis under Barker is necessary. See DeRouen, 96-0725, at p. 3, 678 So.2d at 40. Nevertheless, considering the facts of this case and recent jurisprudence, we conclude that not only is the length of the delay within the spectrum of acceptability but there is no showing that the State was flaunting its authority at the expense of the defendant. Nor does the record reflect that the defendant asserted his right a speedy trial. Finally, the defendant has clearly failed to demonstrate any grounds to support the premise that that his defense of the charge against him has he has been prejudiced.
CONCLUSION
Based upon the record before this Court and the analysis above, we find that the trial court’s September 2, 2011 ruling granting the defendant’s motion to quash |7the bill of information, based upon a violation of the defendant’s constitutional right to a speedy trial under the due process clause of the U.S. Const. Amend. XIV and La. Const, art. 1 § 16, is reversed.
REVERSED.
LOMBARD, J., Dissents.

. We note that the defendant remained incarcerated throughout the above trial court proceedings until September 2, 2011, when the trial court granted his motion to quash. Furthermore, the State's sole witness/victim, Da *269 mian Jackson has consistently failed to appear for any of the above court proceedings.