STATE of Louisiana

v.

John SMITH

NO. 2016–KA–0393

Court of Appeal of Louisiana,
Fourth Circuit.

NOVEMBER 23, 2016

Leon A. Cannizzaro, Jr., District Attorney, Naomi Jones, Assistant District Attorney, Parish of Orleans, 619 South White Street, New Orleans, LA 70119, COUNSEL FOR APPELLANT, STATE OF LOUISIANA

James H. Miller, Orleans Public Defenders, 2601 Tulane Ave, Seventh Floor, New Orleans, LA 70119, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Judge Terri F. Love, Judge Max N. Tobias, Jr., Judge Madeleine M. Landrieu)

Judge Madeleine M. Landrieu

The State of Louisiana appeals the trial court judgment, which granted the defendant's motion to quash the bill of information. For reasons that follow, we find that

the State was within the statutory time delay for instituting prosecution. On the issue of whether the defendant's constitutional right to a speedy trial was violated, the record shows that the defendant did not establish specific prejudice resulting from the State's reinstitution of the charge against him. However, the defendant requested an opportunity for an evidentiary hearing on this issue, and his request was denied. Because we find that the trial court should not have determined the issue of whether the defendant's constitutional right to a speedy trial was violated without allowing the defendant the opportunity to present evidence on this issue as he requested, we vacate the judgment and remand this matter to the trial court for an evidentiary hearing.

The defendant was arrested on August 17, 2009 for possession of heroin in violation of La. R.S. 40:966(C)(1).[1] A bill of information charging the defendant with this offense was filed on August 24, 2009. The defendant pled not guilty on October 14, 2009, and had several other court appearances before entering a |₂diversion program on September 29, 2010. As a condition of enrollment in this program, the defendant waived his rights to speedy trial, and to the time limitations for institution of prosecution and trial. The defendant also acknowledged that if he was removed from the program for any reason other than the successful completion of the program, the time limitation for the institution of prosecution and for bringing his case to trial would begin to run anew.

The State entered a *nolle prosequi* as to the charges against the defendant on October 14, 2010 because of his entry into the diversion program. On April 29, 2011, the defendant was terminated from the diversion program due to his failure to comply with the program requirements.

The State reinstituted the charge against the defendant by filing a bill of information on February 19, 2015, charging him again with possession of heroin. After the 2015 bill was filed, the defendant did not appear in court for several arraignment dates and a status hearing following several unsuccessful attempts to serve him with notice of court dates. As a result, the trial court issued an alias capias for the defendant's arrest on June 15, 2015. After being arrested on the alias capias on December 29, 2015, the defendant appeared in court on January 7, 2016, and entered a plea of not guilty.

On January 8, 2016, the defendant filed a motion to quash the February 19, 2015 bill of information. The defendant's motion to quash was based on grounds that both his statutory and constitutional rights to speedy trial were violated. The defendant requested an evidentiary hearing to call as a witness one of the arresting officers for the purpose of determining his independent recollection of this matter outside of the police report. The trial court denied the defendant's request for an evidentiary hearing. Following argument of counsel for the State and the |₃defendant, the trial court granted the motion to quash on March 4, 2016, and the State filed this timely appeal.

 In its sole assignment of error, the State argues that the trial court abused its discretion in granting the defendant's motion to quash the bill of information. "In reviewing trial court rulings on motions to quash that involve factual determinations, such as speedy trial violations and *nolle prosequi* dismissal/reinstitution cases, ap-

---

1. The underlying facts giving rise to the charge are unknown and not pertinent to this appeal.

pellate courts apply an abuse of discretion standard." *State v. Cureaux*, 2014–0503, p. 3 (La.App. 4 Cir. 4/1/15), 165 So.3d 228, 230, citing *State v. Simmons*, 2013–0312, p. 4 (La.App. 4 Cir. 10/16/13), 126 So.3d 692, 695.

The defendant is alleged to have committed the offense of possession of heroin on August 17, 2009. Pursuant to Louisiana Code of Criminal Procedure article 572A(1), the State had six years from that date to bring charges against him.[2] It met that statutory deadline by filing a bill of information against the defendant on February 19, 2015. Once the bill of information was filed, the State had two years to bring the defendant to trial. La. C.Cr.P. art. 578A(2). Those two years have not yet elapsed.

On appeal, the defendant concedes that the State instituted prosecution against him within the statutory six-year time limitation. However, the defendant argues that even though the institution of prosecution does not violate Louisiana ⌊₄statutory law, the motion to quash was properly granted because his constitutional right to a speedy trial was violated.

 In assessing whether a defendant has been deprived of his constitutional right to a speedy trial, courts consider the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). "The first *Barker* factor, the length of the delay, is a

threshold requirement for invoking a speedy trial analysis; it functions as a triggering mechanism for further inquiry into the other three *Barker* factors." *State v. Brown*, 2011–0947, p. 9 (La.App. 4 Cir. 3/7/12), 88 So.3d 662, 668, citing *State v. Love*, 2000–3347, p. 16 (La. 5/23/03), 847 So.2d 1198, 1210. "Only if there is a „presumptively prejudicial' delay will courts proceed to analyze the other *Barker* factors." *Id.*

In his motion to quash, the defendant argued that his constitutional right to a speedy trial was violated because more than six years elapsed from the time of the filing of the State's original bill of information and the filing of the defendant's motion to quash. The defendant asserted that this length of time was "presumptively prejudicial" for purposes of his constitutional right to a speedy trial, even though he admits that he was not incarcerated for the majority of the time leading up to his motion to quash.[3]

Our courts have held that "[a] district court's resolution of a motion to quash in cases such as this one, where the district attorney entered a *nolle prosequi* and later reinstituted charges, is considered on a case-by-case basis." *State v. Lee*⌊₅ 2011–0892, p. 2 (La.App. 4 Cir. 1/18/12), 80 So.3d 1292, 1293, citing *State v. Batiste*, 2005–1571, p. 5 (La. 10/17/06), 939 So.2d 1245, 1249. We note initially that the defendant has incorrectly included in his calculation of the delay period the time when he was enrolled in the diversion program. When the defendant entered the diversion pro-

---

**2.** La. C.Cr.P. art. 572A(1) states, in pertinent part:

A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the follow-

ing periods of time after the offense has been committed:

(1) Six years, for a felony necessarily punishable by imprisonment at hard labor.

**3.** The record on appeal reflects that the defendant is currently out of jail on bond.

gram, he agreed to waive his rights to the time limitations for prosecution and trial.

The State argues that, in addition to not including the period of time when the defendant was enrolled in the diversion program, the entire forty-six month time period between the date the State entered a *nolle prosequi* and the date the State filed the second bill of information should not be included in the calculation of the length of delay. The State cites *State v. Mathews*, 2013–0525, p. 3 (La. 11/15/13), 129 So.3d 1217, 1219, which relied on the rule of *United States v. MacDonald*, 456 U.S. 1, 9, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1982), that when a defendant is not incarcerated or subjected to other restraints on his liberty, that time should not be considered in calculating the time delay in a constitutional speedy trial claim. See *United States v. Loud Hawk*, 474 U.S. 302, 312, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986). Rather, the *Mathews* Court only included in its calculation the time period between a defendant's arrest in the first case and the date of the *nolle prosequi,* and the time period between the date of the filing of the second bill of information and the date of the filing of the motion to quash. *See Mathews*, 2013–0525, p. 3, 129 So.3d at 1219.

Applying the *Mathews* method of calculation to the instant case, the first time period was approximately fourteen months (August 17, 2009 through October 14, 2010), and the second time period was approximately eleven months (February 19, 2015 through January 8, 2016). Thus, excepting the time period between the *nolle prosequi* and the filing of the second bill of information when the defendant was not incarcerated, the total time to be considered in calculating the delay for the defendant's constitutional speedy trial claim is approximately twenty-five months.

Whether a twenty-five month delay is presumptively prejudicial is not absolute because this court has held that "[t]he specific circumstances of a case will determine the weight to be ascribed to the length of and reason for the delay." *Batiste*, 2005–1571, p. 7, 939 So.2d at 1250. Because we find that twenty-five months arguably constitutes a presumptively prejudicial delay, we will evaluate the remaining *Barker* factors.

Considering the second factor, i.e., the reason for the delay, the record shows that some of the delays in the early stages of this case prior to the defendant's entry into the diversion program were due to his difficulties in securing and maintaining counsel. Also, from the time the first bill of information was filed until the date that the State entered a *nolle prosequi,* the defendant failed to appear at two court hearings and requested a continuance of another court date.

Other than the trial court's cancellation and continuance of three other court dates, the remainder and majority of the delay in the twenty-five month period calculated above appears to be attributable to the State, although the record does not show that the delay was "a deliberate attempt to delay the trial in order to hamper the defense." See *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. The record shows that the State had difficulty locating the defendant prior to the issuance of the alias capias on June 15, 2015. However, as noted by the trial court, the State was not obligated to wait until the defendant was located in order to reinstitute proceedings against him, and, in fact, filed the second bill of information approximately eleven months prior to gaining knowledge of the defendant's actual location. Nonetheless, we do not find that the State deliberately attempted to delay proceedings or to not locate the defendant.

Concerning the third *Barker* factor, i.e., the defendant's assertion of his right to a speedy trial, the defendant argued that he asserted his constitutional right to a speedy trial as soon as he learned of the reinstitution of the charge against him in January 2016. We agree.

Regarding the original prosecution instituted on August 24, 2009, the record shows that the defendant had difficulties obtaining and maintaining counsel. Once that case was dismissed and charges were no longer pending, no reason existed for the defendant to assert any violations of his constitutional or statutory rights to a speedy trial. However, once the State reinstituted the charge against him in February 2015, the defendant regained the right to assert any violations of his right to a speedy trial and did so soon after he was arrested on the new bill and appeared in court. That defense counsel did not file a separate motion for speedy trial, but instead included this claim in a motion to quash is of no moment. We find the defendant sufficiently and timely asserted his constitutional right to a speedy trial.

Finally, concerning the fourth *Barker* factor, i.e., the prejudice to the defendant resulting from the delay, the defendant, quoting *Barker*, alleged in his motion to quash that he has been disadvantaged "by living under a cloud of anxiety, suspicion, and...hostility." *See Barker*, 407 U.S. at 533, 92 S.Ct. at 2193. The defendant also alleged that the delay in reinstituting the charge against him had "seriously prejudiced [the defendant] and his ability to present an effective defense against this charge." In support of this allegation, the defendant stated that "commonsense indicates that many, if not all, of the possible witnesses or pieces of evidence that might be able to assist [the defendant] will be gone after this six-and-a-half year delay since the incident in question and the pres-

ent." He also alleged that "any testimony from any law enforcement officer that would be provided against [the defendant] at a hearing or trial will likely only be a regurgitation of the police report, without any independent recollection of the incident or elaboration on it." At the hearing on the motion to quash, defense counsel argued that the delay prejudiced the defendant because "memories fade, it is hard to know what evidence has or has not been lost, or what witnesses have or have not been lost."

A defendant is required to raise sufficient and specific prejudice as opposed to only claims of general prejudice. *See State v. Bell*, 2013–0117 (La. 9/27/13), 122 So.3d 1007. In *State v. Brown*, 2011–0947, p.12 (La.App. 4 Cir. 3/7/12), 88 So.3d 662, 670, this Court found that the defendant's "generalized allegation regarding losing contact with unidentified witnesses" was insufficient to establish specific prejudice.

In this case, the defendant presented only generalized allegations of prejudice in his motion to quash. However, at the hearing on the motion, he requested an evidentiary hearing to present testimony on the issue of prejudice to him as a result of the delay, and the trial court denied that request. We find that the defendant should have been afforded an opportunity to present evidence on the issue of whether his constitutional right to a speedy trial has been violated. *See State v. Brown*, 2015–1319 (La.App. 4 Cir. 4/20/16), 193 So.3d 267; *State v. Dillon*, 2011–0188 (La.App. 4 Cir. 8/24/11), 72 So.3d 473. Accordingly, we vacate the trial court judgment and remand this matter for an evidentiary hearing. Following the hearing, the trial court is to rule anew on the basis of the expanded record.

For the reasons stated above, the trial court judgment granting the defendant's motion to quash the bill of information is

vacated, and this matter is remanded to the trial court for an evidentiary hearing on the issue of whether the defendant's constitutional right to a speedy trial has been violated.

## VACATED AND REMANDED

LOVE, J., DISSENTS AND ASSIGNS REASONS

LOVE, J., DISSENTS AND ASSIGNS REASONS

I respectfully dissent from the majority's decision to vacate the trial court's ruling and remand the matter for an evidentiary hearing. My review of the present set of facts and analysis of the *Barker* factors differs from the majority. First, I disagree with the majority's methodology for calculating the length of delay. Second, I find the State fails to prove it made reasonably diligent efforts to bring Mr. Smith to trial; thus, the reason for the delay weighs against the State. Third, I find Mr. Smith is not required to establish specific prejudice to his defense.[1] Explained in greater detail below, I would affirm the trial court's granting of Mr. Smith's motion to quash.

Appellate courts review a trial court's ruling on a motion to quash for an abuse of discretion. *State v. Brown*, 11–0947, p. 4 (La.App. 4 Cir. 3/7/12), 88 So.3d 662, 664 (citing *State v. Love*, 00–3347, p. 9–10 (La. 5/23/03), 847 So.2d 1198, 1206–07). In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court reasoned that none of the four factors is considered to be a "necessary or sufficient condition to the finding of a deprivation of the right of a speedy trial." *Id.*, 407 U.S. at 533, 92 S.Ct.

at 2193. Instead, the Court reasoned that they are "related factors and must be considered together with such other circumstances as may be relevant." *Id.*

*Length of Delay*

Regarding the first *Barker* factor, the State relies on *State v. Mathews*, 13–0525 (La. 11/15/13), 129 So.3d 1217, to argue that when a defendant is not incarcerated or subjected to a restraint on his or her liberty, that time should not be considered in the calculation of the length of the delay.[2] *Id.*, 13–0525, p. 3, 129 So.3d at 1219 (citing *United States v. MacDonald*, 456 U.S. 1, 2, 102 S.Ct. 1497, 1498, 71 L.Ed.2d 696 (U.S. 1982). The State suggests *Mathews* creates a bright line rule for calculating the length of delay.

I respectfully dissent from the majority's adoption of the State's argument. Under the circumstances of this case, the time between Mr. Smith's termination from the diversion program and reinstitution of the charge should not be excluded from the calculation of the length of delay merely because he was not incarcerated during the delay. Simply because a defendant is not incarcerated during the delay between the dismissal and reinstitution of the charge does not preclude a defendant from suffering prejudice to his ability to prepare a defense or prejudice of living with the anxiety associated with the possible reinstitution of his charge.

I also find *Mathews* does not establish a bright line rule. In particular, the *Mathews* decision does not expressly overrule previous appellate court decisions which calculated the length of delay between the filing of the original bill of information and the

---

1. I agree with the majority's finding that Mr. Smith sufficiently asserted his speedy trial right.

2. The State's challenge under *Mathews* is raised for the first time on appellate review as the State did not argue *Mathews* in its opposition to the motion to quash or argument at the hearing at the trial court level.

granting of the motion to quash, regardless of whether or not the defendant was incarcerated. *See State v. Leban,* 611 So.2d 165, 169 (La. App. 4th Cir. 1993). Case law further reveals that only one case has examined the *Mathews'* paradigm as part of its review of a ruling on a motion to quash and the first *Barker* factor. *See State v. Ordonez,* 14–186 (La.App. 5 Cir. 9/24/14), 151 So.3d 94. *Ordonez* is distinguishable, however, because the delay in prosecution was due to the State's inability to locate the juvenile victim in its case against defendant for sexual battery; the State informed the defendant that it would reinstitute the charge when it could locate the victim and did so immediately upon her contacting the district attorney's office shortly after she turned 18; and the State had 30 years from the day the victim turned 18 to institute prosecution for the offense. *Id.,* 14–186, p. 8, 151 So.3d at 100.

Moreover, the circumstances of this case warrant our consideration of the delay in the reinstitution of the charge against Mr. Smith after his termination from diversion. Mr. Smith is charged with possession of heroin. I find the alleged offense is "more akin to an ordinary street crime" as compared to "a serious, complex conspiracy charge." *Barker,* 407 U.S. at 530–31, 92 S.Ct. at 2192. Therefore, the length of delay that is considered presumptively prejudicial in an uncomplicated drug possession charge might otherwise be acceptable for a more serious and complex felony charge.

Additionally, jurisprudence demonstrates that courts are cautious of delays caused by the State's dismissal and reinstitution of a charge against a defendant. The Louisiana Supreme Court has continuously stated:

> In those cases where it is evident that the district attorney is flaunting his authority for reasons that show he wants

to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.

*Batiste,* 05–1571, p. 5, 939 So.2d at 1249 (quoting *Love,* 00–3347, p. 14, 847 So.2d at 1209).

Here, Mr. Smith argues that the length of delay to consider is between the date of his arrest and the filing of the second bill of information, almost five and a half years. Alternatively, he contends that even considering his removal from diversion, the State did not reinstitute the charge for 46 months, or almost four years. Likewise, the post-accusation delay is three times as great as the period considered in *Mathews* and is four times the period other courts have deemed presumptively prejudicial. *State v. Ervin,* 08–1078, p. 4 (La. App. 4 Cir. 4/1/09), 9 So.3d 303, 307; *also State v. Quinn,* 13–0726, p. 3–4, (La.App. 4 Cir. 2/19/14), 136 So.3d 267, 269. In that courts are cautious of delays caused by the State's dismissal and reinstitution of a charge against a defendant and the 46–month delay accounts for over half of the six-year delay in Mr. Smith's prosecution, I find the nearly four-year delay relevant to this Court's review. Further, where the State dismisses a case and later reinstitutes charges, the resolution of a motion to quash is on a case-by-case basis. *State v. Lee,* 11–0892, p. 2 (La.App. 4 Cir. 1/18/12), 80 So.3d 1292, 1293 (citing *State v. Batiste,* 05–1571, p. 5 (La. 10/17/06), 939 So.2d 1245, 1249).

Given the underlying circumstances detailed above, I disagree with the majority's application of *Mathews* and the exclusion of the 46–month delay following Mr. Smith's termination from diversion. In that I find the 46–month delay is relevant, I

also find it is presumptively prejudicial. I offer below my analysis concerning the reason for delay and the prejudice to Mr. Smith's defense.

### Reason for Delay

The State bears the burden of rebutting the merits of the motion to quash. The State claims that it reinstituted the charge when Mr. Smith failed to complete diversion. Yet, the State waited almost four years before filing the second bill of information. At the motion hearing, the State was afforded every opportunity to justify the delay in the reinstitution of the charge after Mr. Smith's termination from diversion. When the trial court questioned the State about the delay the State claimed "[it] had to find [Mr. Smith], first off...he had six addresses."

Nevertheless, there is no evidence in the record that the State made any efforts to serve Mr. Smith in the time immediately after his termination from the diversion program. Such evidence would support the State's contention that it was looking for Mr. Smith in order to reinstitute the charge, but the State offers none. Not until the State filed the second bill of information—almost four years after Mr. Smith's termination from diversion—did it begin efforts to locate Mr. Smith and attempt service. Although the State argued at the hearing that it had six addresses for Mr. Smith, the State attempted service at only one.[3] Service of the second bill of information and arraignment was attempted four times prior to the issuance of an alias capias in June 2015. Even still, the State made no efforts during the 46 months after Mr. Smith's termination from diversion to move forward with the proceedings. As the trial court noted, the State was not obligated to wait until Mr. Smith was located in

order to reinstitute proceedings against him. In fact, the State filed the second bill of information approximately 12 months before learning of Mr. Smith's actual location. Thus, I find the record does not support the State's reason for the delay.

The State also argues that the 46-month delay weighs against Mr. Smith because he failed to provide his change of address. Without it, the State could not serve the new bill of information. The Diversion Program Agreement and Conditions for Participation form Mr. Smith signed notified him that the State has the authority to reinstitute the charge against him for failing to successfully complete the program. Part of his participation required him to notify and seek his diversion counselor's permission prior to making any changes to his address. However, Mr. Smith contends that his address changed after he was already terminated from diversion; thus, the requirement to notify his counselor of a change in address did not apply to him because he was no longer a part of the program. A review of the waiver also demonstrates there is no similar requirement on the part of participants who are terminated from the program.

I agree with the majority that the State did not intentionally delay proceedings or intentionally fail to locate Mr. Smith. However, the State was not obligated to wait until Mr. Smith was located to reinstitute the charge against him. In that regard, the State offers no explanation for failing to reinstitute prosecution or locate Mr. Smith sooner. Thus, I find the principal reason for the delay is the State's negligence "as the State was neither diligent nor malicious" in reinstituting pro-

---

**3.** Although the State learned in May 2015 that Mr. Smith no longer lived at the address to which it sent notice, it did not attempt service at the other five addresses the State alleges it had on file.

ceedings or attempting to locate Mr. Smith. *Ervin,* 08–1078, p. 7, 9 So.3d at 309.

When the principal reason for the delay is negligence, courts generally consider it to be a more neutral reason than a deliberate harm. Still, *Barker* requires its consideration because the ultimate responsibility rests with the State rather than the defendant. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192; *see also Ervin,* 08–1078, p. 7, 9 So.3d at 309 (although negligence is weighed less heavily against the State it still falls on "the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution") (internal citations omitted). In that the State fails to establish a justifiable reason for the delay, I also find it fails to demonstrate it made reasonably diligent efforts to bring Mr. Smith to trial during the 46–month delay.

### *Prejudice Caused to Defendant*

Mr. Smith also contends the delay in reinstituting the charge against him "seriously prejudiced his ability to present an effective defense against the charge." Mr. Smith avers that due to the extensive delay the State's case in chief will be based solely on the testimony of the two police officers who arrested him. Considering the length of the delay since his arrest and any future trial date, the officers' testimony is likely to be based on their recitation of the facts contained in the police report and not their independent recollection of events. Further, since his arrest over six and a half years ago the B.W. Cooper Apartments where the alleged offense took place have been demolished. Consequently, he contends that it would be nearly impossible to locate any witnesses or evidence that may assist him at trial.

Unlike the majority, I find remanding the case for an evidentiary hearing in order for Mr. Smith to establish specific prejudice is unnecessary. Based on the circumstances presented, Mr. Smith is not required to present evidence of specific prejudice. Mr. Smith is only required to establish "specific prejudice to his defense" *if* the State proves it demonstrated "reasonable diligence in its efforts to bring [Mr. Smith] to trial." *Ervin,* 08–1078, p. 9 So.3d at 309 (recognizing the defendant's degree of proof in each case varies with the government's degree of culpability for the delay) (internal citations omitted). Therefore, because I find the State failed to prove it demonstrated reasonable diligence in its efforts to bring Mr. Smith to trial, I find an evidentiary hearing to present specific prejudice is not required in order for Mr. Smith to meet his burden under the fourth *Barker* factor.

The "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' " *Doggett,* 505 U.S. 647, 655, 112 S.Ct. 2686, 2692–93, 120 L.Ed.2d 520 (1992) (quoting *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193). For our appellate review purposes, "[w]hen the Government's negligence thus causes delay six times as long as that generally sufficient to trigger judicial review, [ ] and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, [ ] nor persuasively rebutted, the defendant is entitled to relief." *Id.,* 505 U.S. at 658, 112 S.Ct. at 2694 (internal citations omitted).

While it is unclear if the arresting officers have an independent recollection of the incident involving Mr. Smith after years of numerous arrests and traffic stops since Mr. Smith's arrest, I find an evidentiary hearing to clarify this issue is unnecessary. As stated above, Mr. Smith is only required to prove specific prejudice when the State has demonstrated reasonable diligence in its efforts to bring Mr. Smith to trial. Similarly, the passage of time has the

effect of eroding exculpatory evidence and, specifically in this case, testimony. The erosion of which can rarely be shown. For that reason, courts have held "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Ervin*, 08–1078, p. 8, 9 So.3d at 309 (internal citations omitted). I find an evidentiary hearing to address what independent recollection the arresting officers have of Mr. Smith's case from over six years ago is a fruitless endeavor.

Further, in the time since Mr. Smith's termination from diversion, the B.W. Cooper Apartments where the incident occurred have been demolished. Because of the State's nearly four-year delay in the reinstitution of an uncomplicated drug charge, Mr. Smith was put at risk of losing witnesses and potentially exculpatory evidence. I find the passage of time, in this case, has impaired Mr. Smith's ability to prepare a defense and compromised the reliability of a future trial—neither of which was extenuated by Mr. Smith's acquiescence, nor persuasively rebutted by the State.

Therefore, I find no error in the trial court's decision to grant Mr. Smith's motion to quash. To find otherwise in this particular case, only serves to condone the prolonged and unjustified delay that would both penalize Mr. Smith for the State's fault and "simply encourage government to gamble with interests of criminal suspects assigned a low prosecutorial priority." *Doggett*, 505 U.S. at 657, 112 S.Ct. at 2693. Accordingly, I respectfully dissent as I find trial court did not abuse its discretion by granting Mr. Smith's motion to quash. I would affirm the judgment of the trial court.