STEPHEN J. WINDHORST, Judge.
12State of Louisiana appeals the dismissal of several criminal petitions against D.M. by the Juvenile Court. We reverse the ruling of the Juvenile Court and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

On February 23, 2012, D.M.,[1] a 16-year-old juvenile,[2] was charged by petition in Juvenile Court with obscenity in violation of LSA-R.S. 14:106 (Petition “H”); false imprisonment in violation of LSA-R.S. 14:46 (Petition “I”); battery of a correctional facility employee in violation of LSA-R.S. 14:34.5 (Petition “J”); and simple criminal damage to property in violation of LSA-R.S. 14:56 (Petition “K”). Two co-defendants, K.R. and R.W., were also charged with these same offenses in separate petitions in the same section of the Juvenile Court. At the time D.M. was charged with these offenses, he was serving a commitment until his 21st birthday |aon unrelated charges of simple robbery and carjacking (Petition “G”).[3] On March 9, 2012, D.M. made his appearance to answer, and denied each petition. The Juvenile Court set an adjudication date of May 30, 2012.
On April 18, 2012, the Juvenile Court, on its own motion, continued the adjudication until June 13, 2012. Again on April 30, 2012, the Juvenile Court, on its own motion, continued the adjudication until June 20, 2012. Neither of the continuance orders were rendered in open court, thus there is no indication that the parties had any opportunity to object to the continuances at the time of the court’s rulings.
On June 20, 2012, D.M. filed a motion to dismiss pursuant to Ch.C. art. 877A alleging D.M. had been in continued custody and more than 30 days had transpired since his answer on March 9, 2012. The Juvenile Court denied the motion on that same date. Thereafter, the Juvenile Court continued the adjudication hearing for the *766 third time until July 11, 2012, because the mother of a co-defendant was not present and the State had a witness it needed to secure for court. D.M. objected to this continuance.
On July 11, 2012, D.M.’s co-defendant sought a fourth continuance because his attorney was out of the country and the co-defendant’s mother was not available. The Juvenile Court continued D.M.’s adjudication hearing until August 15, 2012, in order to coincide with his co-defendant’s hearing.
On August 15, 2012, D.M. filed his second motion to dismiss pursuant to LSA-Ch.C. art. 877B for failure to commence the adjudication within 90 days of |4the answer to the petitions, alleging that good cause was not shown for the continuances. On August 20, 2012, the Juvenile Court issued a written judgment with reasons granting the motion to dismiss.
On September 6, 2012, the State timely filed a motion for appeal, which was granted by the Juvenile Court on September 7, 2012.

DISCUSSION

The State argues that the trial court erred in dismissing the petitions against D.M. for untimely prosecution because he was not taken into custody on the instant charges, so the time mandates of Ch.C. 877 were not triggered. The State alleges that Ch.C. art 877B does not apply to D.M. because he is serving a secure placement until age twenty-one and the plain language of C.Ch. art. 877B applies to accused juveniles who are “not continued in custody.” The State also argues that the Juvenile Court implicitly found there was good cause for delay under C.Ch. art. 877D when it ordered D.M.’s adjudication hearing dates continued. While we disagree with the State’s argument that C.Ch. art. 877 is inapplicable to this matter, we find merit in the State’s argument that good cause existed for the delay in bringing D.M. to adjudication.
The State first argues that Ch.C. art. 877B does not apply since D.M. is serving a secured detention for different charges and could not be released from custody. Further, the State contends that Ch.C. art. 877A does not apply because D.M. was never taken into custody on the pending charges. The State asserts that because no Children’s Code article applies, LSA-C.Cr.P. art. 578 A(2) applies to this case and, thus, the State had two years to institute this prosecution.
In a delinquency proceeding, where procedures are not provided in the Children’s Code, the Code of Criminal Procedure controls. C.Ch. art. 104; State ex rel C.M., 05-0435 (La.App. 4 Cir. 12/21/05), 922 So.2d 571. The State ^contends that there is no article of the Children’s Code applicable to D.M.’s situation, in which the juvenile is already in custody for an unrelated offense.
At the time of these proceedings, C.Ch. art. 877[4] provided:
A. When the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
*767 D. For good cause, the court may extend such period.
We find that Ch.C. art. 877B is applicable. There is no evidence in the record that D.M. was ever continued in custody on these petitions pursuant to Title VIII, Chapter 5, Ch.C. art. 819-822. While D.M. appeared in order to answer the petitions against him, there is no evidence in the record that he was ever arrested, booked, or continued in custody as a result of the charges against him in these petitions. Further, the procedural history of this case shows that the trial court denied D.M.’s petition to dismiss charges pursuant to Ch.C. art. 877A on June 20, 2012, specifically finding that D.M. “was not held on this offense.” Because D.M. was not in continued custody on these petitions, Ch.C. art. 877B governs the amount of time the State had to commence an adjudication hearing after D.M. answered the petitions.
The Juvenile Court originally set an adjudication hearing for May 30, 2012, within the 90-day time period provided in Ch.C. art. 877B. However, on April 18, 2012, on motion of the Juvenile Court, the adjudication was continued and reset to | n June 13, 2012. On April 30, 2012, on motion of the Juvenile Court, the adjudication hearing was reset to June 20, 2012. On June 20, 2012, the adjudication hearing was again continued. On July 11, 2012, the adjudication was continued until August 15, 2012. These continued adjudication dates were outside the 90-day time limitation for the State to bring D.M. to adjudication. Ch.C. art. 877D allows for the extension of the 90-day period to bring the juvenile to adjudication, on a showing that good cause exists for such extension. The Louisiana Supreme Court held in In re R.D.C., Jr., 93-1865 (La.2/28/94), 632 So.2d 745 that the time period set forth in Ch.C. art. 877 is mandatory and that “it is incumbent on the state to make a showing of good cause and obtain an extension before the period has run.” [Italics added.] The Court further held that in considering what constitutes good cause, the judge should be mindful of those situations or causes beyond the control of the State that may impinge on its ability to prepare for a hearing. Id.[5]
The Juvenile Court’s orders on April 18, 2012 and April 30, 3012 state that “on motion of the Court, it is necessary to continue the hearings.” We believe that this is sufficient to support a finding of good cause as required by Ch.C. art. 877D. In so doing, we give deference and validity to the actions of the Juvenile Court judge, who concluded “it is necessary to continue the hearings.” It can be reasonably assumed that because the Juvenile Court judge considered the continuances “necessary,” she had good cause, and did not continue these adjudication hearing dates indiscriminately or arbitrarily.
Moreover, there is no evidence or anything in the record to indicate that these continuances were ordered with the State’s knowledge or acquiescence. |7Both were ordered well before the adjudication dates which were being continued and not in open court. Both continuances were ordered sua sponte on form orders of the court, and not on motions and orders submitted by either party. One of the orders was signed by another judge of the court. Thus it is obvious that both motions were ex parte, and that the State did not have *768 any opportunity to object to the continuances at the time they were granted.
This is also significant because Ch.C. art. 877D permits the Court to order or the State to move for an extension for good cause, provided that the extension is ordered prior to the expiration of the time limits. In re R.D.C., Jr. The intent of Art. 877D is to provide a remedy to the State for circumstances such as this, but this provision of law can only be meaningful if the State is aware of continuances so that a motion for extension can be made before the expiration.
The Juvenile Court’s order of June 20, 2012 granted the third continuance based on the absence of a co-defendant’s mother and a State witness. The Juvenile Court’s order of July 11, 2012 granted the fourth continuance based on the absence of a co-defendant’s counsel and mother. We find that the stated reasons for these continuances clearly provide good cause.
La. Ch.C. art. 874 provides that:
Where petitions have been filed which allege that one or more children were involved in the commission of the same delinquent act or acts, the children shall be tried jointly unless either:
(1) The state elects to try them separately.
(2) The court, on motion of the child and after contradictory hearing with the district attorney, is satisfied that justice requires a severance. [.Emphasis added.]
The word “shall” is mandatory. LSA-R.S. 1:3. There was no severance granted in this matter, and therefore the three juveniles had to be adjudicated together. Thus, the absence of a co-defendant’s mother and a state witness was |sgood cause for the granting of the third continuance, and the absence of a co-defendant’s attorney and his mother was good cause for the granting of the fourth continuance of adjudications which the law requires be tried together.
In its reasons for judgment, the Juvenile Court relied on In re D.L., 11-835, (La.App. 5 Cir. 5/22/12), 96 So.3d 850, in which this Court vacated an adjudication for failure to comply with Ch.C. art. 877. We find In re D.L. to be distinguishable from this case. The court in In re D.L. set the original hearing date untimely when the juvenile appeared and answered the charges. At that time, the State was present and failed to object, although it had the opportunity to do so. In the present case, however, the Juvenile Court continued the first two adjudication dates on its own motion and not during a hearing, and the State was not afforded an opportunity to contemporaneously object.
We therefore find that the Juvenile Court was in error in finding that good cause did not exist for the continuances of D.M.’s adjudication hearing dates, and in dismissing the petitions filed against D.M. We also find that, even in the absence of good cause, when the State is not afforded any opportunity to object to a continuance, or to move for an extension pursuant to C.Ch. art. 877D in advance of the continuance as required by In re R.D.C., Jr., and the date to which the adjudication is continued exceeds the time limits set by C.Ch. art. 877 without the State’s knowledge and acquiescence, it is error to dismiss a delinquency petition pursuant to C.Ch. art. 877C over the State’s objection.

[«CONCLUSION

For the above discussed reasons, the Juvenile Court’s judgment is reversed and the petitions filed against D.M. are reinstated. This matter is remanded for further proceedings.
REVERSED AND REMANDED
WICKER, J., dissents.

. Pursuant to the requirements of confidentiality of juvenile proceedings as set forth in Ch.C. art. 412, the defendant and co-defendants herein are referred to by initials only.

. The record indicates that the juvenile’s date of birth is October 17, 1995.

. On January 13, 2010, D.M. entered an admission on the simple robbery charge. On February 11, 2010, D.M. was sentenced to serve a one-year suspended sentence in the Office of Juvenile Justice and placed on active probation for two years. On December 14, 2010, D.M. was charged by petition in Juvenile Court in Caddo Parish with carjacking in violation of LSA-R.S. 14:64.2. On January 19, 2011, D.M. was transferred from Caddo Parish Juvenile Detention to Rivarde Detention Center pending secure placement. On January 21, 2011, D.M.'s probation was revoked and the previously suspended sentence of one year in the Office of Juvenile Justice was imposed. On February 8, 2011, D.M. was transferred to the Bridge City Center for Youth.

. After the time period relevant to this appeal, Ch.C. art. 877 was amended by Acts 2012, No. 124, § 1, eff. May 14, 2012.

. In In re R.D.C., Jr., the state timely sought a continuance, but the court denied the motion, thereby implicitly finding no good cause for an extension. In this case, the Juvenile Court both moved and granted the continuance, thereby implicitly finding good cause for an extension.