PER CURIAM.
|,We granted certiorari in this matter in order to determine whether the lower courts erred in granting and then affirming defendants’ motions to quash in the instant matter. Finding that they did err, we reverse.
As stated by the court of appeal, the facts of the underlying case are unknown and not pertinent to the issue before the Court. The State alleges that the offenses occurred on June 12, 2008. Defendants Timothy L. Mathews, Walter Myles, Ashley Stewart, and Julio Kaiser, Jr., were charged by bill of information on July 3, 2008. Eight and one half months later, on April 16, 2009, the State nolle prosequied the case as to all defendants. After a span of seventeen months, the State reinstituted charges against the four by bill of information on September 22, 2010. On February 4, 2011, four and one half months after the second bill of information was filed, Myles filed a motion to quash which was later adopted by all defendants. At the hearing of the motion, defendants argued that the statutory time periods had run as to the charges and that their constitutional rights to speedy trial had been violated. The trial court granted *1218 the motion to quash on October 21, 2011, finding that the statutory time limitations had prescribed and that the delay in trying the defendants had unduly prejudiced their ability to present a defense.
Ik As an initial matter, we note that the court of appeal was correct in finding that the prosecution did not run afoul of the time limitations contained in La.C.Cr.P. art. 572,[1] La.C.Cr.P. 578,[2] or La.C.Cr.P. art. 576,[3] for the reasons set forth in that opinion.
The court of appeal erred, though, in finding that the State had violated the defendants’ constitutional rights to a speedy trial because of the delay in bringing them to trial. The standard for evaluating a constitutional speedy trial claim is the test announced in Barker v. Wingo, 407 U.S. 514, 530-32, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). That test consists of four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant. In Barker, the Supreme Court stated:
The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.
Barker, 407 U.S. at 530-31, 92 S.Ct. 2182.
|3The court of appeal found that the time of the delay between the date of the offenses and the filing of the first motion to quash was almost three years, a time period that is presumptively prejudicial to all four defendants. The court of appeal pointed out, although some of the delay was clearly attributable to the defendants, approximately half of the delay was due to the State’s failure to reinstitute the charges for seventeen months. That seventeen month period should not, however, have been used in calculating the delay.
*1219 When calculating the time delay in a constitutional speedy claim, the Supreme Court has said:
[Ujunder the rule of MacDonald, when defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause.
United States v. Loud Hawk, 474 U.S. 302, 312, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) (citing United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982)). That Court further said:
[WJhen no indictment is outstanding, only the “actual restraints imposed by arrest and holding to answer a criminal charge ... engage the particular protections of the speedy trial provision of the Sixth Amendment.”
Loud Hawk, 474 U.S. at 310, 106 S.Ct. 648 (citing United States v. Manon, 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). Here, the offenses occurred on June 12, 2008 and the State nolle prose-quied the charges on April 16, 2009, ten months later. The second bill of information was filed on September 22, 2010. During the time period between the nolle prosequi and the second bill of information, seventeen months, the defendants were not under arrest or held to answer a criminal charge, and, thus, that seventeen month period is not used in calculating a constitutional speedy trial delay. The motion to quash was filed on February 4, 2011, five and one half months after the second bill of information was filed. The total delay between the time of the offense and the filing of the motion to quash, excepting the period when defendants were not under arrest, is about fifteen and one half months. ^Although much of this fifteen and one half month delay is attributable to defendants, we do not need to further quantify that number, as the fifteen and one half month delay, in itself, is not presumptively prejudicial.
Because the delay is not presumptively prejudicial, we are not required to look further at the remaining three Barker factors. We note, however, that as the dissenter below pointed out, the defendants failed to provide any evidence of specific prejudice such as lost evidence or unavailability of witnesses.
WRIT GRANTED; REVERSED.
JOHNSON, C.J. and KNOLL, J„ dissent and would deny the writ.

. La.C.Cr.P. art. 572 reads in pertinent part:
A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor.
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.
(3) Two years, for a misdemeanor punishable by a fine, or imprisonment, or both.
(4) Six months, for a misdemeanor punishable only by a fine or forfeiture.

. La.C.Cr.P. art. 578 reads:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3)In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation.

.La.C.Cr.P. art. 576 reads:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant's consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.