SUSAN M. CHEHARDY, Chief Judge.
|aOn appeal, the State challenges the trial court’s grant of defendant’s motion to quash the bill of information. For the following reasons, we reverse and remand.

Facts and Procedural History

In this case, there has been no conviction so the limited information regarding the charged offense' was gleaned from the record, including testimony presented at the preliminary hearing. The record reflects that, on May 17, 2006, defendant was arrested for sexual battery of a juvenile, in violation of La. R.S. 14:43.1.
On January 22, 2007, the St. John the Baptist Parish District Attorney filed a bill of information charging defendant, Freddy Ordonez, with sexual battery of a juvenile on or about May 17, 2006, in violation of La. R.S. 14:43.1. On February 9, 2009, the State, which was unable to locate the victim, dismissed the prosecution.
On July 23, 2013, the State reinstituted prosecution of defendant on the charged *97 offense of sexual battery of a juvenile. On September 5, 2013, defendant entered a plea of not guilty.
[sOn October 31, 2013, defendant filed a motion to quash the bill of information. On December 16, 2013, the State objected to defendant’s motion to quash. On January 21, 2014, the trial court granted defendant’s motion to quash. On February 11, 2014, the State filed a motion to appeal that ruling, which was granted that day.

Law and Argument

In its sole assignment of error, the State of Louisiana argues that the trial court erred in granting defendant’s Motion to Quash. Specifically, the State avers that defendant’s right to a speedy trial was not violated because the reason for delay in prosecution was not within its control but rather due to the unavailability of the juvenile victim. The State asserts that the length of delay was unavoidable in this case where the family of the juvenile victim moved away from the area. The State also points out that the charges were reinstituted within the 30-year prescriptive period from the date the minor victim attained the age of 18, as allowed by La. C.Cr.P. art. 571.1. The State further notes that defendant failed to assert a violation of his speedy trial right until he filed his motion to quash in October of 2013, and also failed to show that he was prejudiced.
Defendant contends that the State violated his right to a fair and speedy trial by waiting four and one half years to reinsti-tute charges against him. Defendant argues that the length of delay was presumptively prejudicial and the reason for delay was to allow the State a lengthy continuance. Further, defendant maintains that he was clearly prejudiced by the loss of evidence during the delay.
On January 21, 2014, the trial court granted defendant’s motion to quash. In its written judgment, the trial court found that defendant carried his burden in showing that the State violated his right to a speedy trial. In particular, the trial court found that the length of delay of nearly eight years between the date of arrest Land the anticipated trial date was presumptively prejudicial. The trial judge further noted that the State’s inability to locate a witness was insufficient to justify the nearly eight-year delay and that defendant’s case was impaired and prejudiced by the lengthy delay between the dismissal and the reinstitution of the charges. It is from this ruling that the State now appeals.
La.C.Cr.P. art. 691 confers on the district attorney the power to dismiss a formal charge, in whole or in part, and provides that leave of court is not needed. La.C.Cr.P. art. 693 expressly provides, subject to narrowly delineated exceptions, that dismissal of a prosecution “is not a bar to a subsequent prosecution....”
La.C.Cr.P. art. 576, which particularly addresses the reinstitution of charges, provides that:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, ... a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for com *98 mencement of trial established by Article 578.
At the time of the offense, La. 14:43.1(C) was a felony not necessarily punishable at hard labor.[1] Generally, except as provided in La.C.Cr.P. arts. 571 and 571.1, the State has to institute prosecution within four years for a felony not necessarily punishable by imprisonment at hard labor. La. C.Cr.P. art. 572(A)(2).
At the time of the offense, however, La.C.Cr.P. art. 571.1[2] provided that:
[T]he time within which to institute prosecution of the following sex offenses: sexual battery (R.S. 14:43.1) ... regardless of whether |fithe crime involves force, serious physical injury, death, or is punishable by imprisonment at hard labor shall be thirty years. This thirty-year period begins to run when the victim attains the age of eighteen.
[Emphasis added.]
A court’s resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinsti-tuted charges should be decided on a case-by-ease basis. State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1209. In those cases “where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an' appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.” Id.
In this case, however, there is no indication that the district attorney was flaunting his authority at the expense of the defendant. Rather, the record indicates the State entered a nolle prosequi because the juvenile victim could not be located. Additionally, we note that the prosecutor dismissed the prosecution without requesting a continuance and alerted defendant that “if the victim is located, the charges may be reinstated at a later date.” Clearly, in this case, the dismissal of the prosecution was not for the purpose of avoiding the two-year time limitation for commencement of trial established by La.C.Cr.P. art. 578.[3]
Nevertheless, defendant argues, and the trial court found, that defendant’s | ^constitutional right to a speedy trial was violated. An appellate court reviews a trial court’s grant of defendant’s motion to quash for an abuse of the trial judge’s discretion. State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1206; State v. *99 Chairs, 12-363 (La.App. 5 Cir. 12/27/12), 106 So.3d 1232, 1252 n. 10, writ denied, 13-0306 (La.6/21/13), 118 So.3d 413.
The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, § 16 of the Louisiana Constitution. The right attaches when an individual becomes an accused by formal indictment or by bill of information, or by arrest and actual restraint. State v. Myers, 584 So.2d 242, 250 (La.1991), unit denied, 588 So.2d 105 (La.1991), cert. denied, 504 U.S. 912, 112 S.Ct. 1945, 118 L.Ed.2d 550 (1992). The underlying purpose of this constitutional right is to protect a defendant’s interest in prolonged pretrial incarceration, limiting possible impairment of his defense, and minimizing his anxiety and concern. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972).
The Supreme Court has set forth the following four factors for courts to consider in determining whether a defendant’s right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the accused’s assertion of his right to speedy trial; and (4) the prejudice to the accused resulting from the delay. Id. at 531-532, 92 S.Ct. at 2192-93. Unless the length of delay is presumptively prejudicial, there is no necessity for inquiry into the other factors. Id. at 530-531, 92 S.Ct. at 2192. The specific circumstances of a case will determine the weight to be ascribed to the length of and reason for the delay because “the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.” Id.
17Thus, our first inquiry is whether the delay was presumptively prejudicial. In the instant matter, the record reflects that the offense was committed on May 17, 2006. The State filed the original bill of information on January 22, 2007, approximately eight months after the date of the offense. On February 9, 2009, the State dismissed the case due to the unavailability of the victim. The State reinstituted the charge on July 23, 2013, approximately four years and five months after the dismissal of the first prosecution. On October 31, 2013, defendant moved to quash the bill of information.
In its written judgment, the trial court found that the length of delay was presumptively prejudicial because “this case has been ongoing for a period of nearly eight years from the date of arrest and the anticipated date of trial.” The trial court erred in its calculation.
When calculating the time delay in a constitutional speedy claim, the United States Supreme Court has said, “under the rule of MacDonald, when defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause.” United States v. Loud Hawk, 474 U.S. 302, 312, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) (citing United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982)). Further, “when no indictment is outstanding, only the ‘actual restraints imposed by arrest and holding to answer a criminal charge ... engage the particular protections of the speedy trial provision of the Sixth Amendment.’ ” Loud Hawk, 474 U.S. at 310, 106 S.Ct. 648, 88 L.Ed.2d 640. See also State v. Mathews, 13-0525 (La.11/15/13), 129 So.3d 1217, 1219.
Here, the record reflects that the original bill of information was filed on January 22, 2007, and defendant’s motion to quash was filed on October 31, 2013, which is a time period of 81 months, or six years and nine months. However, the [RState dismissed .the original bill of infor *100 mation on- February 9, 2009, and reinstated the prosecution on July 28, 2013, which is 53 months or four years and five months. Using the paradigm set forth by the Louisiana Supreme Court in Mathews, supra, the total delay between first date that prosecution was instituted and the filing of the motion to quash, excepting the period when defendant was not answerable to a criminal charge, was 28 months, or two years and four months.
In this matter, the 28-month delay is not presumptively prejudicial. The record indicates the State entered a nolle prose-qui because the State, though numerous efforts were made, was unable to locate the juvenile victim. Further, the record reflects that, a few months after the juvenile victim turned 18, the victim contacted the district attorney’s office about this case and the State quickly reinstituted the prosecution.
Most importantly, the Louisiana Legislature enacted La.C.Cr.P. art, 571.1 to establish a longer period within which the State could institute prosecution where the victim is a juvenile. At the time of the charged offense and still today, when the victim of a sexual offense is a juvenile, the State has 30 years from the day that victim attains the age of 18 to institute prosecution for this offense.
In our case, the State instituted prosecution within one year of the victim turning eighteen and, thus, did not violate the time constraint imposed by statutory law. Because the delay is not presumptively prejudicial, we are not required to look further at the remaining three Barker factors. See also State v. Mathews, 129 So.3d at 1218-19 (per curiam) (15 and one-half months delay was not presumptively prejudicial and did not require an inquiry into the remaining three Barker factors); State v. Bell, 13-117 (La.9/27/13), 122 So.3d 1007 (per curiam) (defendant’s right to a speedy trial was not violated by the 30-month delay where defendant was shown to be an active party in delay, failed to object to ^continuances, and made no formal speedy trial claim until motion to quash).

Decree

For the foregoing reasons, we find that the district court abused its discretion in granting defendant’s motion to quash the bill of information. The judgment of the lower court is reversed; the matter is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

. On the date of the offense, La. R.S. 14:43.1 read, “Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years.”

. La.C.Cr.P. art. 571.1 was amended by Acts 2005, No. 186, § 1, which was effective on August 15, 2005.

. Under La.C.Cr.P. art. 578(A)(2), trial should have begun within two years of the institution of the prosecution, which would have been on or before January 22, 2009. La.C.Cr.P. art. 580 provides, however, that the time limitation is suspended when a defendant files preliminary motions, including properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. State v. Quinones, 03-907 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 827. The period is suspended until the ruling of the court, but in no case shall the State have less than one year after the ruling to commence trial. State v. Jones, 620 So.2d 341, 342 (La.App. 5 Cir.1993). Here, the record reflects that in 2007, defendant filed a motion to suppress and, in 2008, defendant moved to continue at least once, which suspended and/or interrupted the initial proceedings.