STATE OF LOUISIANA IN THE INTEREST OF
M.W., JR.

NO. 24-K-600

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 07, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** M.W., JR.

**APPLYING FOR** SUPERVISORY WRIT FROM THE JEFFERSON PARISH JUVENILE COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE AMANDA L. CALOGERO, DIVISION "B", NUMBER 23-JU-42

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

**WRIT DENIED**

In this juvenile matter, defendant, M.W., seeks supervisory review of the juvenile judge's ruling which granted the State's motion to continue the adjudication hearing on charges "C-G", and denied the juvenile attorney's motion to dismiss those charges. For the following reasons, we deny this writ application.

## PROCEDURAL HISTORY

On March 27, 2023, the Jefferson Parish District Attorney filed a petition alleging that M.W. committed criminal trespass in violation of La. R.S. 14:63 ("*") (count one); criminal trespass in violation of La. R.S. 14:63 ("A") (count two); and second degree battery in violation of La. R.S. 14:34.1 ("B") (count three). On May 31, 2023, the State dismissed the "B" charge, and on October 13, 2023, the juvenile judge dismissed the "*" and "A" charges.

On February 22, 2024, the Jefferson Parish District Attorney filed a petition alleging that the juvenile committed unauthorized use of a motor vehicle in

violation of La. R.S. 14:68.4 ("C") (count one) and resisting an officer in violation of La. R.S. 14:108 ("D") (count two). On February 27, 2024, the juvenile denied the "C" and "D" allegations, and the adjudication hearing was set within thirty days, for March 27, 2024. On March 27, 2024, the juvenile judge found good cause to continue the matter due to the juvenile not being eligible for diversion at that time. The adjudication hearing was re-set for May 1, 2024, relative to the "C" and "D" charges.

On April 3, 2024, the Jefferson Parish District Attorney filed a petition alleging that the juvenile committed three counts of bank fraud in violation of La. R.S. 14:71.1 ("E," "F," and "G") (counts one, two, and three). On April 8, 2024, the juvenile denied the allegations of petition "E," "F," and "G." Within 30 days, on May 1, 2024, the juvenile was accepted into diversion on the "C," "D," "E," "F," and "G" charges, and the status/adjudication hearing was marked "satisfied."

On June 7, 2024, there was a hearing on a "deputy warrant – crime of violence" and a continued custody hearing. The juvenile judge found probable cause for continued custody as to new charges of attempted armed robbery, armed robbery, and illegal possession of a handgun by a juvenile. The juvenile's attorney specifically waived delays on the non-crime of violence charges ("C-G") to be set to coincide with the crime of violence charges ("H-J"). The State indicated that it would file a motion to revoke the "IAA" and set the adjudication on the "C, D, E, F, G" charges on August 6, 2024.

On August 2, 2024, the Jefferson Parish District Attorney filed a petition alleging that the juvenile committed illegal possession of a handgun by a juvenile in violation of La. R.S. 14:95.8 ("H") (count one); armed robbery in violation of La. R.S. 14:64 ("I") (count two); and attempted armed robbery in violation of La. R.S. 14:27 and La. R.S. 14:64 ("J") (count three).

On August 6, 2024, the juvenile denied the allegations of the "H," "I," and "J" petitions. The juvenile judge granted the State's motion to have the "C-G" complaints set for adjudication as the juvenile's new complaints resulted in him being unsuccessfully discharged from diversion. The juvenile's attorney waived delays. The "PNIC"/adjudication was set for September 4, 2024, as to the "C, D, E, F, G, H, I, J" charges. On September 4, 2024, the parties requested that the hearing be continued, and the juvenile judge granted the continuance. The "PNIC"/adjudication hearing was set for October 2, 2024, on the "C-J" charges.

On September 27, 2024, the juvenile's attorney filed a written Motion to Continue Adjudication, requesting that the adjudication set for October 2, 2024 be continued because he was still in the process of receiving discovery relative to the defense. He asserted that the State had no opposition to this request. The juvenile's attorney prayed that an order be issued to continue the adjudication to another date "with defense counsel waiving delays and with a finding of good cause." The juvenile judge continued the matter until November 6, 2024.

On November 6, 2024, the State and the juvenile's attorney appeared for an adjudication hearing on "C-J." The prosecutor said it was ready to proceed on "H," "I," and "J," namely, juvenile in possession of a handgun, armed robbery, and attempted armed robbery. She asked for a continuance on "C-G," pointing out that they were separate incidents and that it would require too much time to conduct both hearings on the same day. She also asserted that they had a victim who was out-of-state and that they needed to coordinate her presence in court. The juvenile's attorney responded that those were not good causes for a continuance under La. Ch.C. art. 877. Following lengthy arguments of counsel, the juvenile judge granted the State's continuance of the adjudication hearing on "C-G" and denied the motion to dismiss those allegations. The juvenile judge believed that the delays caused by the juvenile's referral to diversion and the joint continuance

of the adjudication hearing on September 4, 2024, tolled the prescriptive period under Article 877. The juvenile judge also ruled that there would be an expedited adjudication hearing on "C-G" that she wanted set in less than thirty days. The minute entry shows that the adjudication hearing as to "C, D, E, F, G" was set for December 4, 2024. Also on November 6, 2024, an adjudication hearing was held on "H," "I," and "J," after which the juvenile judge acquitted the juvenile.

On November 12, 2024, the juvenile's attorney filed a timely Notice of Writ and Request for Stay. The juvenile judge set a return date of December 12, 2024, and granted a stay of the proceedings.

## LAW AND ANALYSIS

In this writ application, the juvenile's attorney argues that the juvenile judge erred by granting the State's motion to continue the adjudication hearing on the "C," "D," "E," "F," and "G" charges and by denying his motion to dismiss those charges. He contends that there was no just cause under La. Ch.C. art. 877 to continue the hearing. The juvenile's attorney asserts that the State maintained that an adjudication hearing could not go forward on those charges because it would take up too much time and because it needed time to coordinate the out-of-state victim's presence for the hearing. He argues that those reasons do not constitute good cause. The juvenile's attorney contends that the State had sufficient notice of the adjudication date, the juvenile judge ordered the witnesses to be notified, and the State presented no evidence to support its contentions.

La. Ch.C. art. 877, entitled "Adjudication hearing; time limitations," provides:

> A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.

B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.

C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.

D. For good cause, the court may extend such period.

What constitutes good cause, *i.e.*, legally sufficient reasons, for dismissal of a juvenile delinquency matter must be determined on a case-by-case basis and must be fully supported by the record. *State in the Interest of R.W.*, 16-1187 (La. App. 4 Cir. 3/2/17), 213 So.3d 13, 17, *writ denied*, 17-411 (La. 10/27/17), 228 So.3d 1225. A trial court is vested with broad discretion in determining good cause to continue a delinquency adjudication hearing outside the statutory time limits. *State in the Interest of T.W.*, 13-1564 (La. App. 4 Cir. 5/14/14), 141 So.3d 822, 826-27, *writ denied*, 14-1215 (La. 6/30/14), 148 So.3d 183.

In *State in Interest of D.M.*, 12-787 (La. App. 5 Cir. 5/30/13), 119 So.3d 763, 768, *writ denied*, 13-1562 (La. 2/7/14), 131 So.3d 853, this Court found that the third continuance based on the absence of a co-defendant's mother and a State witness and the fourth continuance based on the absence of a co-defendant's counsel and mother provided good cause under Article 877.

In *State v. Smith*, 16-393 (La. App. 4 Cir. 11/23/16), 204 So.3d 1035, 1037-38, a non-juvenile case involving the timely institution of prosecution, the appellate court pointed out that the defendant had incorrectly included in his calculation of the delay period the time when he was enrolled in the diversion program. The appellate court further pointed out that when the defendant entered the diversion program, he agreed to waive his rights to the time limitations for prosecution and trial.

Upon review, we find that the juvenile judge had good cause under Article 877(D) to continue the adjudication hearing on "C-G" based on the delays caused by the juvenile's referral to diversion on May 1, 2024; the waiver of delays by the

juvenile's attorney on June 7, 2024; the joint request for a continuance of the adjudication hearing on September 4, 2024; and the juvenile attorney's September 27, 2024 written Motion to Continue Adjudication, wherein he stated that he waived delays. *See Smith*, *supra*. Additionally, we find that there was good cause for the delay based on the prosecutor's representation that she needed a continuance to obtain the presence of an out-of-state witness. *See State in Interest of D.M.*, *supra*. The juvenile judge reset the adjudication as to "C, D, E, F, G" on December 4, 2024, within thirty days of November 6, 2024.[1] Finally, the juvenile judge stated that she was only going to grant the State one continuance.

## **DECREE**

For the foregoing reasons, we conclude the juvenile judge did not abuse her discretion by continuing the adjudication hearing and denying the motion to dismiss the "C-G" charges. Accordingly, this writ application is denied.

Gretna, Louisiana, this 7th day of January, 2025.

**JGG**
**FHW**
**MEJ**

---

[1] However, as previously noted, the juvenile judge granted the juvenile attorney's request for a stay.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>01/07/2025</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-600**

### E-NOTIFIED

Juvenile Court (Clerk)
Honorable Amanda L. Calogero (DISTRICT JUDGE)
Brian A. Pena (Relator)                    Thomas J. Butler (Respondent)
                                           Mark D. Plaisance (Relator)

### MAILED

Remy V. Starns (Relator)          Aimee Thibert (Respondent)          Marcus J. Plaisance (Relator)
Attorney at Law                   Assistant District Attorney         Attorney at Law
301 Main Street                   Juvenile Division - Jefferson Parish Post Office Box 1123
Suite 700                         1546 Gretna Boulevard               Prairieville, LA 70769
Baton Rouge, LA 70825             Harvey, LA 70058