STATE OF LOUISIANA

VERSUS

COREY BANNISTER

NO. 19-KA-291

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-4959, DIVISION "B"
HONORABLE CORNELIUS E. REGAN, JUDGE PRESIDING


November 27, 2019


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.


**CONVICTIONS AND SENTENCES AFFIRMED AS AMENDED;**
**REMANDED FOR CORRECTIONS OF THE UNIFORM**
**COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED**
    **JJM**
    **MEJ**
    **SJW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Paul D. Connick, Jr.
    Terry M. Boudreaux

COUNSEL FOR DEFENDANT/APPELLANT,
COREY BANNISTER
    Gwendolyn K. Brown

**MOLAISON, J.**

Defendant appeals his convictions and sentences for possession with intent to distribute heroin, illegal possession of a stolen firearm, and his enhanced sentence as a second felony offender for possession of a firearm by a convicted felon. For the reasons that follow, defendant's convictions and sentences are affirmed as amended; the matter is further remanded for corrections of the Uniform Commitment Order, and we grant appellate counsel's motion to withdraw as counsel.

## PROCEDURAL HISTORY

Defendant, Corey Bannister, was charged in a bill of information on August 15, 2017, by the Jefferson Parish District Attorney's Office with possession with intent to distribute heroin, in violation of La. R.S. 40:966(A) (count one); possession of a Ruger 9 mm semi-automatic pistol while in possession of heroin, in violation of La. R.S. 14:95(E) (count two); illegal possession of a stolen firearm, in violation of La. R.S. 14:69.1 (count three); and possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count four). On August 18, 2017, defendant pled not guilty to all charges.

The State dismissed count two of the bill of information on April 5, 2018. On that same date, defendant withdrew his former pleas of not guilty, and pled guilty to the remaining counts. Pursuant to a plea agreement, defendant was sentenced on count one to twenty years imprisonment at hard labor, with the first ten years of the sentence to be served without benefit of probation, parole, or suspension of sentence, on count three to five years imprisonment at hard labor, and on count four to ten years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. All of defendant's sentences were ordered to run concurrently.

The State thereafter filed a multiple offender bill of information alleging defendant to be a second-felony offender, to which he stipulated. The trial court then vacated defendant's original sentence on count four, and pursuant to the multiple offender stipulation, resentenced defendant on count four as a second-felony offender under La. R.S. 15:529.1, to ten years at hard labor without benefit of probation or suspension of sentence. Defendant's enhanced sentence was ordered to be served concurrently with his other sentences.

The trial court denied defendant's Motion for Clarification of Sentence, on June 20, 2018. Defendant then filed a Uniform Application for Post-Conviction Relief (APCR), which the trial court construed as a request for an out-of-time appeal and granted on November 5, 2018.[1] Defendant's appointed counsel has now filed an appellate brief pursuant to *Anders v. California*[2] and has further filed a motion to withdraw as counsel of record.

## FACTS

Because defendant's convictions resulted from guilty pleas, the underlying facts were not fully developed in the record. However, the amended bill of information alleges that on July 28, 2017, defendant possessed with the intent to distribute heroin, in violation of La. R.S. 40:966(A), having previously been convicted of possession with intent to distribute heroin on August 21, 2007, under case number 460-358 in Orleans Parish Criminal District Court (count one), defendant knowingly or intentionally possessed a stolen firearm, to wit: a Ruger 9 mm semi-automatic pistol, serial number 31237341, in violation of La. R.S. 14:69.1 (count three), and defendant possessed a firearm, to wit: a Ruger 9 mm

---

[1] We acknowledge recent rulings by this Court noting the finding by the Louisiana Supreme Court that a defendant is not automatically entitled to an out-of-time appeal, but rather, a defendant is only entitled to an out-of-time appeal under the limited circumstances set forth in *State v. Counterman*, 475 So.2d 336 (La. 1985). See, *State v. Parks*, 19-46 (La. App. 5 Cir. 5/1/19) (unpublished writ disposition). In the instant case, after our review of the entire record, the issues raised in defendant's APCR, and because of certain errors patent, we find no error in the trial court granting defendant an out-of-time appeal. See, *State v. Pullen*, 19-4, 2019 WL 3677889 (La. App. 5 Cir. 8/7/19).
[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

semi-automatic pistol, having been previously convicted of possession with intent to distribute heroin, under case number 460-358 on August 21, 2007, in Orleans Parish Criminal District Court, in violation of La. R.S. 14:95.1 (count four).

**ANALYSIS**

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, *supra*, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as counsel of record for defendant.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds defendant's appeal to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the

19-KA-291                                                    3

trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Bradford, supra*, 676 So.2d at 1110.

Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that defendant entered an unqualified guilty plea to the bill of information, waiving all non-jurisdictional defects. She further states that there were no trial court rulings to preserve for appeal under *State v. Crosby*, 338 So.2d 584 (La. 1976). Appellate counsel notes that defendant did not object to the charged offenses during the plea proceeding, to the trial court's acceptance of the guilty pleas, or to the sentences agreed upon and imposed. Additionally, appellate counsel notes that there does not appear to be any basis in the record to support any claim that the plea was unconstitutionally infirm. She further notes that during the colloquy, defendant indicated he had not been forced or coerced into entering the pleas. She further asserts the trial court advised defendant of the sentencing range for the offenses to which he was pleading as well as the sentences that would be imposed. Appellate counsel avers defendant was adequately advised of his multiple offender rights prior to the entering of his stipulation. Appellate counsel concludes

that defendant was sentenced pursuant to the plea agreement, precluding him from challenging his sentences on appeal.

Appellate counsel has filed a motion to withdraw as attorney of record for defendant as she has prepared an *Anders* brief and that she has notified defendant of the filing of this motion and of his right to file a *pro se* supplemental brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until August 14, 2019, to file a pro se supplemental brief.[3]

The State also responds that it agrees with appellate counsel that after a careful review of the record, there are no non-frivolous issues present. The State asserts that the trial court fully explained to defendant the ramifications of pleading guilty and foregoing a trial, that the trial court clearly described the charges and the sentences defendant was facing, and that defendant entered into a fair plea agreement with the State which was explained to him by his trial counsel. The State contends there is nothing else in the record that would suggest a non-frivolous issue to be raised on appeal, and agrees that appellate counsel's request to withdraw should be granted.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. Both the original bill of information and the amended bill properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. They also sufficiently identified defendant and the crimes charged. Further, as reflected by the minute entry and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, guilty plea, and sentencing.

---

[3] This Court's certified letter was returned to this Court as "not deliverable as addressed unable to forward." It was discovered that defendant had been moved, and thus, his address was updated and the certified letter was remailed to him on July 25, 2019. Defendant did not file a pro se brief.

Further, defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and review of such defects either by appeal or post-conviction relief is precluded. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects were waived. No rulings were preserved for appeal under the holding in *Crosby, supra*. Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin*[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

A review of the record reveals no unconstitutional infirmity or irregularities in defendant's guilty pleas. The transcript of the colloquy shows that defendant was aware that he was pleading guilty to possession with intent to distribute heroin (second offense), illegal possession of a stolen firearm, and possession of a firearm by a convicted felon. Defendant was also properly advised of his *Boykin* rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination. During the colloquy with the trial judge, defendant also indicated that he understood he was waiving these rights. Additionally, on the waiver of rights form, defendant initialed next to each of these rights and placed his signature at the end of the form indicating that he understood he was waiving these rights by pleading guilty.

---

[4] *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).

Also, during his guilty plea colloquy and in the waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas and that he was satisfied with the way his attorney and the court handled his case. Defendant was informed by the waiver of rights form and during the colloquy of his maximum sentencing exposure and of the actual sentences that would be imposed upon acceptance of his guilty pleas. After the colloquy with defendant, the trial court accepted defendant's pleas as knowingly, intelligently, freely, and voluntarily made.

Further, a review of the multiple offender proceeding reveals that defendant was sufficiently advised of his multiple offender rights. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant understood that by stipulating to the allegations in the multiple offender bill, he was giving up his right to a hearing and his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second-felony offender for the crime of possession of a firearm by a convicted felon (count four), as well as the actual sentence that would be imposed. Defendant indicated that he was satisfied with the way his attorney and the court had handled his case and that he had not been forced, coerced, or threatened into entering this "guilty plea." Defendant further indicated that he understood the possible legal consequences of "pleading guilty" and wished to "plead guilty." His stipulation was accepted by the judge as knowingly, intelligently, freely, and voluntarily made. By stipulating to the multiple bill, it appears defendant waived his right to a hearing, and any possible non-jurisdictional defects were also waived. Defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing when he waived the hearing. *State v. Schaefer*, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304. Lastly,

defendant's original sentences and enhanced sentence are within the sentencing ranges prescribed by the statutes.

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as counsel of record for defendant is hereby granted.

**ERRORS PATENT REVIEW**

The record was reviewed for errors patent in accordance with La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). We have found errors which require correction.

The original Louisiana Uniform Commitment Order (UCO), as to count three—illegal possession of a stolen firearm—reflects that "ten years" of defendant's five-year sentence is to be served without benefits. However, the trial court did not restrict benefits on defendant's count three sentence. Where there is a discrepancy between the transcript and the minute entry, the transcript generally prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). We therefore remand the matter for correction of the UCO to correct this inaccuracy as to count three, and direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See *State v. Ordonez*, 16-619 (La. App. 5 Cir. 3/15/17), 215 So.3d 473, 479.

Next, the trial court imposed an illegally harsh sentence with regard to defendant's conviction on count one—possession with intent to distribute heroin. At the time of the offense the sentencing range was not less than ten nor more than ninety-nine years imprisonment with at least ten years to be served without benefit

of probation or suspension of sentence. See La. R.S. 40:966(B)(4)(b). The statute did not provide for the restriction of parole. However, defendant was sentenced on count one to twenty years at hard labor without benefit of probation, parole, or suspension of sentence for the first ten years.

Pursuant to La. C.Cr.P. art. 882, an appellate court can correct an illegal sentence at any time. When a sentencing error involves the imposition of restrictions beyond those authorized by the legislature, the Louisiana Supreme Court instructs appellate courts to correct the error pursuant to their authority under La. C.Cr.P. art. 882. *State v. Sanders*, 04-17 (La. 5/14/04), 876 So.2d 42 (per curiam). Therefore, we amend defendant's sentence to eliminate the parole restriction on count one for the first ten years of defendant's twenty-year sentence and remand the case for the trial court to amend the UCO to correctly reflect the sentence on count one as amended. We further direct the Clerk of Court for the 24th Judicial District Court to transmit the original corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department.

**DECREE**

For the foregoing reasons, defendant's convictions and sentences are affirmed as amended. The matter is remanded for corrections of the Uniform Commitment Order. Appellate counsel's motion to withdraw as counsel of record for defendant is hereby granted.

**CONVICTIONS AND SENTENCES AFFIRMED AS AMENDED; REMANDED FOR CORRECTIONS OF THE UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 27, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-291

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CORNELIUS E. REGAN (DISTRICT JUDGE)
GWENDOLYN K. BROWN (APPELLANT)     TERRY M. BOUDREAUX (APPELLEE)     THOMAS J. BUTLER (APPELLEE)

**MAILED**
HON. PAUL D. CONNICK, JR. (APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053